[Crim. No. 195.   Third Appellate District.—August 1, 1912.]

In the Matter of Application of JOHN W. MITCHELL for a Writ of Habeas Corpus.

CRIMINAL LAW—FAILURE OF FATHER TO SUPPORT MINOR CHILDREN— SENTENCE UNDER CODE—SUSPENSION—PROBATION VIOLATED—SEN-TENCE EXECUTED—HABEAS CORPUS.—A father convicted, under section 270 of the Penal Code, of the crime of omitting, without lawful excuse, to furnish necessary food, clothing, shelter, etc., for his minor children, and whose sentence imposing imprisonment upon him was suspended twice, under section 1203 of that code, during good behavior, and again on condition that he should support his minor children, and thereafter was finally executed, is not entitled to be discharged on *habeas corpus,* either on the ground that his sentence

was suspended nor on the ground that section 270d of the Penal Code, enacted in 1911, is unconstitutional in authorizing fines imposed on the father to be paid to the use and benefit of his minor children.

Id.—Code Provision Defining Crime Independent of Other Provisions.—Section 270 of the Penal Code, defining the crime finally punished, is wholly independent of the provisions either of section 1203 or section 270d of that code; and if it be conceded that there are tenable objections to the latter provisions, the former section is adequate to sustain the conviction and punishment inflicted. The mere fact that the legislature may have imposed unauthorized power upon the court under the latter sections can in no degree affect the validity of the former section.

Id.—Rule of Statutory Construction—Partial Invalidity of Statute.—Where only part of a statute is invalid for any reason, in order to render the whole statute void for the same reason, all of the parts thereof must be so interdependent as that no one part may be eliminated without destroying the force of the whole statute; but where a statute is valid in one part, and invalid in another, the former part, if not dependent in any measure upon the latter, and can, without the latter, accomplish one or all the material purposes of the act, will be sustained, and that which is void must be eliminated and disregarded.

Id.—Section 270 First Enacted and not Dependable on Other Sections.—Since section 270 of the Penal Code was first enacted, and was in existence for many years as a complete act or statute before sections 1203 and 270d were introduced into that code, section 270 cannot be dependent upon those sections, and it lives not from anything contained in those sections, but from its own intrinsic vitality. If the other sections are eliminated, section 270 will still exist and possess the same force that was breathed into it at the time of its enactment.

Id.—Invalidity of Other Sections not Decided.—While holding that the supposed invalidity of sections 1203, 270d and 273h of the Penal Code cannot affect the validity of section 270, the invalidity of those sections is not decided. It is held that they are framed on highly commendable and humane lines, and that it would be a result much to be deprecated if the courts shall ever conceive it to be necessary to declare them invalid for any reason, and therefore nonenforceable.

PETITION for discharge of prisoner upon writ of *habeas corpus.*

The facts are stated in the opinion of the court.

Martin I. Welsh, for Petitioner.

J. Q. Brown, District Attorney of Sacramento County, for Respondent.

HART, J.—The petitioner, Martin I. Welsh, acting in behalf of one John W. Mitchell, and claiming that he is unlawfully restrained of his liberty by the warden of the Folsom state prison, at Represa, this state, seeks the release of said Mitchell through the writ of *habeas corpus.*

The petition disclosed that Mitchell, in the month of December, 1911, was arrested upon a complaint, based upon section 270 of the Penal Code, charging him with the crime of omitting, without lawful excuse, to furnish necessary food, clothing, shelter, etc., for his minor children. Said crime being an indictable misdemeanor or an offense of which the superior court has triable jurisdiction, Mitchell was, in due course, arraigned before the superior court of Sacramento county upon an information charging him with said crime, and, upon said arraignment, entered a plea of guilty.

On the day of the arraignment of Mitchell and his plea of guilty, as stated, the court before which said proceeding took place, in the exercise of the power and authority vested in the courts of this state by section 1203 of the Penal Code, made an order suspending the imposition of sentence and placing Mitchell on probation pending his good behavior, the order to that effect to remain in force for the term of five years.

On the seventh day of March, 1912, said Mitchell was brought before department 1 of said superior court and was thereupon, after due proceedings, sentenced by said court to imprisonment for a term of two years in the state prison, which is the maximum punishment by imprisonment prescribed by section 270 of the Penal Code, under which he was charged and convicted. After the imposition of said sentence, the court, acting upon the authority given it by said section 1203 of the Penal Code, again gave Mitchell another chance by ordering the withholding of the commitment and thus allowing him the benefit of further probation, upon certain terms, of which an agreement on his part to support his wife and children in a proper manner was one. Mitchell, upon the making of the last-mentioned order, was released, but, on the sixteenth day of June, 1912, said order withholding the commitment and the order of probation therewith made were set

aside and annulled, upon the ground that Mitchell had violated the terms of his probation. A commitment was thereupon ordered to be forthwith issued, and upon compliance with said order, and under the authority of the commitment so issued, Mitchell was delivered into the custody of the warden of the state prison at Represa, where he is now confined and restrained of his liberty.

The specific grounds upon which the contention is urged that the restraint of Mitchell is illegal are that the several sections under which the proceedings above outlined were had are, for a number of alleged reasons, violative of certain provisions and inhibitions of the constitution. These reasons may thus be briefly stated: That a person proceeded against under said sections is thus denied a speedy trial and "in part of the right of trial by jury"; that section 1203, *supra*, in effect gives the court power to imprison for debt; that said section unwarrantably "authorizes a judge to suspend the law, in that he may suspend the punishment"; that section 270d, *supra*, contravenes section 22 of article IV of the constitution, in that it provides that a fine imposed thereunder may be paid to the wife of the defendant or the guardian or custodian of the child or children of such defendant, the argument being that the diversion of the money obtained through fines so imposed constitutes a "direct appropriation of public funds for private or individual purposes," etc.

Section 270 of the Penal Code, upon which the charge against Mitchell was founded, has been, in some form or another, on our statute books since the year 1872, and was, like many of our code sections, taken, at least in substance, from the New York codes. Up to the year 1909, the punishment prescribed by said section for the willful omission by a parent, without lawful excuse, to furnish necessary food, clothing, shelter and medical attendance for his child, was as for an ordinary or what is often termed a low-grade misdemeanor. The legislature of 1909, however, amended the section by fixing the maximum penalty at imprisonment either in the county jail or the state prison, in the discretion of the court, for the term of two years, or by fine not exceeding $1,000 or by both. The section was not otherwise altered or amended.

The legislature of 1903, working on certain humane lines developed by the investigations of criminalogists, who had

for many years devoted their time and much study to the question of a scientific treatment of criminals, passed what is known as the probation law, by which, if valid, the courts are authorized, when the circumstances justify it, to allow persons arraigned before them for public offenses to go at large on probation, on certain conditions, such persons still, however, remaining within the jurisdiction and power of the courts, in preference to incarcerating them in prison and thus marking them with the indelible opprobrium of a convict. The manifest object of this humane enactment was and is to accomplish, if possible, the reform of those thus led astray either through their own uncontrolled volition or by vicious associates. The legislature of 1905 amended this law in some particulars, but such amendment is not material to this inquiry.

In 1911 the legislature added a number of sections to the Penal Code, of which section 270d, *supra,* is one. Those sections provide a sort of scheme by which, in cases where a parent has willfully refused to support his children, all or part of any fine which may be imposed and collected for such misbehavior may be paid over to a person therein named for the benefit and support of such children and, where the parent is given a punishment of imprisonment in the county jail, he may be compelled to work on the public highways of the county, for which services the board of supervisors may allow to his wife or to some other person for the support of his children the sum of one dollar and fifty cents for each day's work so performed.

We do not understand that the petitioner questions the constitutional power of the legislature to penalize the act of parents in willfully and without lawful excuse refusing to support and maintain their minor children. In other words, it is not our understanding that it is claimed that section 270, viewed alone or without reference to any supposed or real connection it may have with sections 1203 and 270d of the Penal Code, is in any sense in contravention of any of the inhibitions of the constitution. Nor can we perceive wherein such legislation can in any manner or respect offend the constitution. Indeed, the provisions of section 270 in reality merely represent, as to the subject to which it relates, the crystallization of the power of police, under and by virtue of which the state is authorized to make all manner of reasonable and whole-

some rules controlling and regulating the individual behavior of people in their intercourse with each other and toward society and government. And we are not, nor have we ever been or do we expect to be, advised of any case in which the constitutional right of the legislature to enact such legislation has been successfully challenged. The necessity for such a law becomes obvious when it is considered that there is a class of parents immune from the force of civil processes, by which the duty of parents to their minor children may in certain cases be coerced, and in the absence of a statute authorizing penal punishment for such default, the members of such class could with impunity cruelly neglect the helpless infants for whose existence they are responsible and whose support and maintenance constitute a natural duty, and by such conduct make their minor children a charge upon others or the public, or perhaps drive them into habits of indolence and profligacy. In the last analysis, the supreme purpose of all government is to promote and maintain the happiness of mankind, and the very first step to that end is the giving of such care and attention to infancy as that it may be developed and nurtured into sterling man and womanhood.

But, as stated, it is not the contention that section 270 itself is out of harmony with any of the provisions of the constitution. The proposition upon which the petitioner plants his claim to the release of Mitchell is that the other sections to which we have referred—sections 1203 and 270d—are unconstitutional and void, and that they have been so connected by the legislature with section 270 that the irresistible effect of their invalidity is to drag with them the last-mentioned section.

We are unable to agree to the contention as thus stated. It is not necessary, in the determination of the issue submitted here, to inquire into the question whether sections 1203 and 270d of the Penal Code are obnoxious to the constitutional objections urged against them by counsel for Mitchell, for section 270 is not in any degree dependent upon those sections. Section 270 existed and was enforced as a complete act or statute for many years before sections 1203 and 270d were introduced into the code, and it lives, not from anything contained in those sections, but from and upon its own intrinsic vitality. Eliminate the other sections entirely, and section 270 will still

exist and possess the same force that was breathed into it at the time of its enactment.

But, assuming that sections 1203 and 270d were intended to be and are a part of section 270, and that said sections are unconstitutional and invalid, still section 270 could and would nevertheless stand as an effective provision, for it is a well-settled rule that where a statute is valid in one part and invalid in another, the former part, if not dependent in any measure upon the latter and can, without the latter, accomplish one or all the material purposes of the act, will be sustained, and that which is void may be eliminated and disregarded without destroying or impairing the force or efficacy of the statute for the purpose or purposes which the valid part is capable of subserving. In other words, where only a part of a statute is invalid for any reason, in order to render the whole statute void for the same reason, all the parts thereof must be so interdependent as that no one part can be eliminated without destroying the entire force of the whole statute.

Section 270 is not, as we have shown, in any sense dependent for its force on the other sections. And, manifestly, the mere fact that by sections 1203 and 270d the legislature may have undertaken to confer upon the court some unauthorized power in the matter of the disposition of cases arising under section 270 can in no degree affect the validity of the last-mentioned section. If the power thus conferred is beyond the constitutional right of the legislature to confer on the court in such cases, then the simple result is that the legislation attempting to bestow such power upon the court must fall, but without, however, carrying with it a statute in all respects valid and having no necessary connection, so far as the latter's own force is concerned, with such invalid legislation.

The result of the foregoing views is that, assuming that section 1203 is void because violative of certain mandates of the constitution, the effect of the course adopted by the court in the case of Mitchell, under said section, was simply a failure on its part to do its duty under the law in not proceeding with the execution of its sentence immediately upon the imposition thereof, and the mere fact that it did not thus do its duty cannot be held to have deprived it of jurisdiction to compel the execution of its judgment at some subsequent time. The enlargement of the prisoner under such circumstances

would involve a void act because in excess of the court's jurisdiction, and the effect thereof would be rather in the nature of an escape, as the prisoner could lawfully be taken at any time.

As to the contention with respect to section 270d (which was not invoked in this case, no fine having been imposed), it is very clear that, conceding for the purposes of this case that said section is in conflict with section 22 of article IV of the constitution, the act of the court, in pursuance of the provisions of said section, in improperly diverting fines imposed by authority of section 270 from the public treasury and causing them to be appropriated to the use and benefit of the wife or minor children of the delinquent husband or father, cannot in any manner or degree invalidate or detract from the force of section 270. As before shown, even if the provisions of section 270d were incorporated into and made a part of section 270, as it now reads, the latter section could stand after an elimination therefrom of the provisions authorizing the payment of the money from such fines as might be imposed thereunder to the wife or children of the husband or father upon whom the fine is imposed. In short, as stated, section 270 of the code is complete in itself for all the purposes that it was designed to accomplish, and the sections of the code at which the complaint of the petitioner is particularly aimed cannot by any reasonable construction be held to affect in the slightest measure its validity or in any degree or respect impair its force.

The Texas cases cited and relied upon by counsel for Mitchell present a different situation from that involved here, and they are, therefore, not in point and have no application to the facts of this case.

As to sections 1203, 270d and 273h of the Penal Code, we can only say that they are framed on highly commendable and humane lines, and it would, indeed, be a result much to be deprecated if the courts shall ever conceive it to be necessary to declare them invalid for any reason, and, therefore, non-enforceable.

For the reasons herein set forth, the writ will be discharged and the prisoner remanded to the custody of the warden of the state prison at Represa.

Chipman, P. J., and Burnett, J., concurred.