[Civ. No. 4599. First Appellate District, Division Two.—February 26, 1925.]

## JOSEPH B. McKEON, Petitioner, v. JOHN O'TOOLE et al., etc., Respondents.

[1] MUNICIPAL CORPORATIONS—SAN FRANCISCO CHARTER—PROMOTIONAL EXAMINATION IN FIRE DEPARTMENT — RIGHT OF VETERAN TO CREDITS—STATUTORY CONSTRUCTION.—Under section 22 of article XIII of the charter of the city and county of San Francisco a hoseman in the fire department of said city and county taking the promotional examination for lieutenant in said fire department, and who has served in the army of the United States in time of war and received an honorable discharge, is a "veteran," and is entitled to a credit of three points on such promotional examination, notwithstanding the length of his service in the army.

———

(1) 28 Cyc., p. 544, n. 8; 36 Cyc., p. 1103, n. 93, p. 1107, n. 32, p. 1113, n. 83.

PROCEEDING in Mandamus to compel the Civil Service Commission of the City and County of San Francisco to give city employee additional credits. Writ granted.

The facts are stated in the opinion of the court.

William A. Kelly for Petitioner.

George Lull, City Attorney, for Respondents.

LANGDON, P. J.—A petition for a writ of mandate has been filed herein, praying that such writ be issued requiring the Civil Service Commission of the City and County of San Francisco to give to petitioner a credit of three points upon his examination for lieutenant in the fire department, and after having so credited petitioner, to revise his standing upon the register of eligibles accordingly, so as to give him first place upon such register for appointment to said position of lieutenant.

The petitioner alleges that he is a hoseman in the fire department of this city and county, which is a rank below the rank of lieutenant therein; that he has taken the civil service examination for lieutenant and has obtained a grade in such examination which placed him seventh upon the list of "eligibles"; that petitioner is a veteran as said term is used in section 22 of article XIII of the charter of the city and county of San Francisco, having served in the army of the United States in time of war and received an honorable discharge from said service; that by reason of said service, petitioner is entitled to a credit of three points in said examination; that since the adoption of the list of eligibles for appointment to the rank of lieutenant, three persons upon said list have been appointed to the rank of lieutenant, and if petitioner is accorded the three credits to which he claims he is entitled, he will be first upon the list of eligibles.

The respondents deny that the petitioner is a veteran as said term is used in said section of said charter, and this is the only issue in the present controversy. Upon said question, evidence was taken before a commissioner and transmitted to this court. There is no dispute about the facts. The petitioner was drafted into the army of the United States on September 22, 1917, and sent to Camp Lewis. Before leaving San Francisco and again upon arrival at Camp Lewis he took the oath of allegiance. At Camp Lewis he did regular duty in the army,—drilling, training, and standing guard duty until October 12, 1917, when he was honorably discharged because of physical disability.

Section 22 of article XIII is as follows: "The term 'veteran' as used in this section shall be taken to mean any

person who has served in the Army, the Navy or the Marine Corps of the United States in time of war, or in any expedition of the armed forces of the United States in time of war, or in any expedition of the armed forces of the United States and received an honorable discharge or certificate of honorable active service.

"The Civil Service Commission shall by rule establish preferences for veterans as .follows: In the case of entrance examinations to establish eligible lists in the Police and Fire Departments, veterans who become eligible for appointment . by attaining the passing mark established for the examination, *and whose services as veterans exceeds three months,* shall be classified on such eligible lists in the relative order of the individual ratings attained, and ahead of all non-veterans passing such examinations, and shall be eligible for appointment on the basis of such order of standing on such eligible lists. . . .

"In the case of all other entrance examinations, veterans *with thirty days or more of service* . . . who become eligible for appointment by attaining the passing mark established for the examination, shall be allowed an additional credit of five points, which shall be added to the percentages attained in such examination by such veterans. . . . All ties shall be decided in favor of veterans; provided, however, *in the case of promotional examinations credit of three points shall be allowed to veterans* . . . who shall have been in the city and county service prior to July 1, 1920."

[1] The portion of the section last italicized is the one involved here. The precise question is: Does the word "veterans" in connection with promotional examination credits, carry with it, by implication, the limitation applied previously in the case of entrance examinations for the Police and Fire Departments, i. e.: "whose service as veterans exceeds three months."

There are no authorities available upon this peculiar question. It seems reasonable to conclude, with the attorney for respondents, that it was, perhaps, intended by those who framed the charter amendment in question that the limitation of three months' service should attach in the case of a veteran seeking promotion, but we may not guess at unexpressed intentions and read, by implications, into the charter, provisions which do not appear therein. The plain

language is that in case of promotional examinations a credit of three points shall be allowed to "veterans," and a "veteran" is defined in the amendment as a person "who has served in the Army . . . of the United States in time of war, . . . and received an honorable discharge . . . " The petitioner is such a person. The inconsistency of requiring three months' service in the army for an allowance of credits in the case of entrance examinations and of merely requiring service in the army without limitation of time for the allowance of credits in promotional examinations may cause us to believe that the charter provisions under consideration may not exactly express the intention of those who drafted them nor of those who adopted them at the polls. But be that as it may, we are not at liberty to read our surmise into the charter.

The writ of mandate is granted as prayed.

Sturtevant, J., and Nourse, J., concurred.