[Civ. No. 3834. Third Appellate District.—December 30, 1929.]

JAMES E. COOK, Appellant, v. WALLACE MASON et al., Respondents.

Ray T. Coughlin for Appellant.

Hugh B. Bradford and Joseph L. Knowles for Respondents.

JAMISON, J., *pro tem.*—This is an appeal from a judgment denying appellant a writ of mandate requiring the civil service commission of the city of Sacramento to place his name second on the civil service eligible list of said city for the position of fireman.

The facts are not disputed and are substantially as follows: Appellant, with .a number of other applicants, took the civil service examination for the position of fireman of said city, which was held on November 17, 1928. As a result

of this examination appellant received an average grade of 94.03 per cent, the same being the second highest grade received by any applicant. Seventeen other applicants, all of whom were honorably discharged soldiers, sailors or marines, passed this examination with a grade higher than seventy per cent. Applicant does not claim that he is an honorably discharged soldier, sailor or marine.

In placing the names of said successful applicant on the eligible list, the civil service board, instead of placing appellant second on the eligible list of persons to fill the position of fireman of said city, placed him eighteenth on said list.

The civil service board claimed that, by reason of certain preferences given honorably discharged soldiers, sailors and marines by the city charter, the said seventeen applicants, who were honorably discharged soldiers, sailors and marines and whose average grade was more than seventy per cent, were entitled to be placed ahead of petitioner on the civil service list and to be certified to fill vacancies as firemen of the fire department of said city ahead of appellant.

Section 43 of said charter provides that "the Civil Service Board shall formulate rules and regulations covering the selection and promotion of municipal employees. . . . All officers or employees shall be chosen or promoted, whenever a list of eligibles is furnished by the Civil Service Board, from the three candidates standing highest on the list." Sections 44 and 45 of said charter are as follows:

"Section 44. It shall be the duty of the Civil Service Board to hold examinations and to administer suitable tests to those desiring positions or who are applicants for, or who may have been recommended for promotion in the classified service, for the purpose of determining their fitness to hold such positions, or to qualify for such promotion, and from the results of said examination and tests, the Board shall prepare lists of eligibles for all positions in the classified service."

"Section 45. In all such tests, honorably discharged soldiers, sailors and marines, and widows of such and the wives of injured soldiers, sailors and marines who themselves are not qualified, but whose wives are qualified to hold such positions shall not be subject to any age limitations. If such person has attained an average percentage of

65 where the average percentage required is 70, he shall be eligible and his name shall be placed on the list above and be certified before the names of persons who have not been allowed preferences. If the name of more than one preferred claimant appears on the same list, the name of the claimant having the highest average percentage shall head the list. Preference under this section does not apply to promotions or to promotion examination.'' The employees of the fire department of said city belong to the classified service. And while there is no positive statement to that effect, presumably the civil service board, under the rules and regulations formulated by it, required the applicant to have an average percentage of 70 to entitle his name to be placed on the eligible list.

Appellant contends that said section 45 is unconstitutional, in that it is in conflict with section 21, article I, of the Constitution of this state. This section of the Constitution is as follows:

''No special privileges or immunities shall ever be granted which may not be altered, revoked or repealed by the legislature, nor shall any citizen or class of citizens be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens.''

Construing this provision of the Constitution, it has been held time and again that while arbitrary discriminations by the legislature between persons standing in the same relation to the subject of legislation will not be sustained by the courts, it is firmly settled that a law is general and constitutional when it applies equally to all persons, embraced in a class founded upon some natural, intrinsic or constitutional distinction. (*Ex parte King,* 157 Cal. 161 [106 Pac. 578]; *City of Pasadena* v. *Stimson,* 91 Cal. 238, 251 [27 Pac. 604]; *City of Sacramento* v. *Swanston,* 29 Cal. App. 212 [155 Pac. 101].) In the case of *Martin* v. *Superior Court,* 194 Cal. 93 [227 Pac. 762, 765], it is said: ''The classification, however, must not be arbitrarily made for the mere purpose of classification, but must be based upon some distinction, natural, intrinsic; or constitutional, which suggests a reason for and justifies the particular legislation. That is to say, not only must the class itself be germane to the purpose of the law, but the individual components of the class must be characterized by some sub-

stantial qualities or attributes which suggest the need for and the propriety of the legislation. Subject to these limitations a law is general despite the fact that it operates upon a class of individuals or things within the class to which it is addressed."

Appellant concedes this to be the law, but he contends that before honorably discharged soldiers, sailors and marines can be a distinctive class, that is to say, that kind of a class which is exempted from the provisions of the said section of the Constitution, it must appear that such soldiers, sailors and marines served during times of war. In other words, that they must be veterans of some war in which the United States has engaged and that the act or law creating the class must so specify.

The attention of this court has been called to the case of *Board of Directors* v. *Nye*, 8 Cal. App. 527 [97 Pac. 208], where the court upheld the constitutionality of an act of the legislature that gave a preference to dependents of veterans who served in the Civil War. In that case the court held that veterans of the Civil War constituted a class founded upon a natural distinction.

Cases cited from other states were founded upon laws granting privileges to veterans of the Civil and Spanish wars, and in those cases the courts upheld the constitutionality of the acts granting such privileges. In the case of *State ex rel. Raines* v. *City of Seattle*, 134 Wash. 360 [235 Pac. 968, 971], in commenting on a law of this nature the court said: "Many states have provided by statute that, if veterans pass the examination, they may be preferred in employment to nonveterans who have passed the same examination. In some states, such preference of employment was limited to honorably discharged soldiers and sailors of the late Civil War and afterwards amended to include honorably discharged soldiers and sailors of the Spanish War, which preferences were much more limited as to class, and not applying upon the same terms to all honorably discharged soldiers and sailors." (Dillon on Municipal Corporations, 5th ed., sec. 408.)

Does the broadening of the class to whom the privilege is extended render the class no longer a distinctive one? There would seem to be no justification for so holding if the class as so broadened is still characterized by some sub-

stantial qualities or attributes which suggest the need for and propriety of the legislation.

In upholding what is generally referred to as the "Veteran Acts or Laws," they have generally been upheld on the ground that a person who has served in the army or navy in time of war would be likely to possess courage, constancy, habits of obedience and fidelity, which are valuable qualifications for any public office or employment. (19 R. C. L. 755.)

And, as was said in the case of *Opinion of the Justices,* 166 Mass. 589 [34 A. L. R. 58, 44 N. E. 625], that in addition to this "the recognition of the service of the veterans would promote the love of country and devotion to the welfare of the state which it concerns the commonwealth to foster." So, in the case under consideration, the legislature may have, and doubtless did think, that a person who has served in the army or navy and who has been honorably discharged therefrom, had by such service acquired habits of industry, obedience and fidelity, which are valuable qualifications for any public office or employment, and, moreover, that the recognition of this service would promote the love of country and devotion to its welfare which it concerns the state to foster.

It is a matter of common knowledge that a person who enlists in the army or navy, or who is accepted in such service, either in war or peace times, has first to undergo tests and examinations as to his physical and mental fitness for such service, and that after his acceptance, he is subjected to vigorous training which instills habits of industry, sobriety, obedience and fortitude that are of recognized advantage in such employment as a member of the city fire department.

We are of the opinion that the preference privilege granted to soldiers, sailors and marines by the provisions of said charter of the city of Sacramento does not contravene the said section of the Constitution.

Appellant contends that section 45 of the said charter of the city of Sacramento is unconstitutional upon another ground, namely, that the eligible grade is placed by the civil service board at 70, that is to say, an applicant is qualified for the position of fireman of said fire department if he obtains an average grade of 70, but that an honorably

discharged soldier or sailor or marine is qualified if he obtains an average grade of 65, and in support of this contention, cites the case of *Brown* v. *Russell,* 166 Mass. 14 [55 Am. St. Rep. 357, 32 L. R. A. 253, 43 N. E. 1005], where a veteran was placed at the head of the list without any examination as to his qualification, in which case, the court ordered his name stricken from the list, holding that even though he was a veteran of the Civil War, it was necessary that he should be found qualified for the position for which he applied before he could be placed on the eligible list. Veteran Acts have been sustained by the courts where they do not discriminate as to the eligibility or qualification for office, but they have been held unconstitutional so far as they require that certain offices shall be filled by veterans in preference to all other persons without regard to fitness. (43 C. J. 609.)

The charter of the city of Sacramento not only provides that employees belonging to the classified service, which includes firemen, shall be appointed on no other grounds and for no other reason than their fitness for the position to be filled, but also provides that all applicants, including honorably discharged soldiers and sailors and marines, shall pass the same examination and be subjected to the same tests as to their qualifications for the employment for which they shall apply. In providing in said charter that where the average grade for eligibility is placed at 70 the honorably discharged soldier, sailor or marine shall be deemed eligible who has passed an average grade of 65, the framers of the charter undoubtedly took into consideration the qualifying training that the honorably discharged soldier, sailor or marine had already received from his service in the army or navy, and which placed him at an advantage over the nonservice applicant. But the authorities bearing upon this proposition that have been called to the attention of this court, while upholding the constitutionality of the laws granting preferences to veterans, yet require, as a preliminary step toward granting such preference, that the veteran shall have attained the qualifying grade. (*State ex rel. Raines* v. *City of Seattle,* 134 Wash. 360 [235 Pac. 968]; *In re Opinion of Justices,* 166 Mass. 589 [34 L. R. A. 58, 44 N. E. 625]; *In re Application of Keymer,* 148 N. Y. 219 [35 L. R. A. 447, 42 N. E. 667].)

"In all examinations, competitive and noncompetitive, veterans have no preference over other citizens of the state; but when as a result of these examinations, a list is made up from which appointments can be made, consisting of those whose merit and fitness have been duly ascertained, then the veteran is entitled to a preference without regard to his standing on the list." (43 C. J. 609, and cases there cited.)

The cases of *Jones* v. *O'Toole et al.*, 190 Cal. 252 [212 Pac. 9], and *McKeon* v. *O'Toole*, 71 Cal. App. 445 [235 Pac. 464], do not throw light upon the point here involved. These were both cases where the veterans had taken examinations and passed the qualifying grade, and the matter there determined was whether or not, by reason of the fact that they were veterans, they were entitled, upon applications for promotions, to a percentage over that given by the examination.

If it should be conceded that the part of section 45 requiring honorably discharged soldiers and sailors and marines to be placed on the eligible list upon attaining a percentage of 65, where the qualifiying percentage is 70, is violative of the Constitution, still this does not require that the whole of said section should be declared unconstitutional.

It is a general rule, supported by an unbroken line of decisions, that a provision in or a part of an act may be unconstitutional and beyond the power of the legislature to enact and still the whole act may not be void. The accepted doctrine in such cases is that the constitutional portions of the statute may stand alone and remain in force if they can be separated from the portions which are void. (5 Cal. Jur. 643, and cases there cited.) It unquestionably was the intention of the framers of the charter to give the honorably discharged soldiers and sailors and marines a preference in the employment of those who came within the classified service; it is equally plain that the clause in said section 45 pertaining to the percentage of 65 can be stricken out or eliminated therefrom without destroying the efficacy and purpose of the remainder of said section. As was said in the case of *Hale* v. *McGettigan*, 114 Cal. 112 [45 Pac. 1049, 1052]: "If the different parts of the statute are severable and independent of each other, and the provisions

are within the constitutional power of the legislature and one capable of being carried into effect after the void part has been eliminated, and it is clear from the statute itself that it was the intent of the legislature to enact these provisions, irrespective of the others, the unconstitutional provisions will be disregarded and the statute read as if these provisions were not there." (*Ex parte Gerino*, 143 Cal. 412 [66 L. R. A. 249, 77 Pac. 166]; *In re Mitchell*, 19 Cal. App. 567 [126 Pac. 856]; *In re Nicholls*, 74 Cal. App. 504 [241 Pac. 399].)

The words "65 where the average percentage required is" may be stricken from said section without affecting the validity of the remainder thereof; that, as so stricken, the said section 45 will require all applicants to attain an average percentage of 70, which is the qualifying percentage for all.

It appearing that all of the honorably discharged soldiers and sailors and marines who have been placed upon the eligible list ahead of appellant have passed the required examinations and tests with an average percentage of more than 70, we are of the opinion that the judgment denying the writ of mandate should be and the same is hereby affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.