ROBERTS, Justice.
The sole issue here is whether the appellants, as the Civil Service Board of the City of Miami, have properly interpreted the provisions of Section 295.09, Florida Statutes, F.S.A., respecting’ veterans’ preference points in promotional examinations.
Section 295.09 requires municipalities and other designated public bodies whose employees are under a merit system, civil service, or other competitive system, to give preference to a non-disabled veteran who has been re-instated in a former position after active duty in the Armed Forces, by adding five points to the earned rating of such veteran “upon his first examination to determine his qualifications for promotion” in the service in which he h.as been re-employed. The Civil Service Board of the City of Miami has properly interpreted this provision to mean that the preference points thereby granted cannot be used to augment a grade which, without such points, would be below the passing grade for such promotional examination. See State ex rel. Higgins v. Civil Service Commission of City of Bridgeport, 139 Conn. 102, 90 A.2d 862 and cases therein cited. But the Board has given a literal interpretation to the language of the statute requiring such preference points to be given a veteran “upon his first examination to determine his qualifications for promotion” (the emphasis is supplied) and has refused to add the preference points to a veteran’s earned rating except when he successfully passes his first promotional examination. The effect of the Board’s interpretation is that all those re-instated veterans who have been unsuccessful in passing their first promotional examination can never have the advantage of the veterans’ preference granted by Section 295.-09 of the Act. We do not think the Legislature intended such a result.
The purpose of veterans’ preference acts is sometimes said to be to reward those who served their country in time of need, Geyer v. Triplett, 237 Iowa 664, 22 N.W.2d 329; Barthelmess v. Cukor, 231 N. Y. 435, 132 N.E. 140, 16 A.L.R. 1404; and, again, it is stated that such acts are a recognition of the qualities and traits developed by military service which tend to make of veterans superior public servants. State v. Civil Service Commission of City of Bridgeport, supra; Commonwealth ex rel. Graham to Use of Markham v. Schmid, 333 Pa. 568, 3 A.2d 701, 120 A.L.R. 777; Cook v. Mason, 103 Cal.App. 6, 283 P. 891. But whether such preference is considered to be in recompense for the services performed and the sacrifices suffered by veterans, or whether it is considered to be a legislative recognition of the habits of industry, obedience, and fortitude instilled by their service on active duty in the armed forces of our country, there can be no doubt that the Legislature desired the veteran to have the actual benefit of the preference granted—either upon his entrance into public service or upon his promotion in such service, if a re-instated employee —and it is clear that the interpretation contended for by the Board would not accomplish the legislative purpose. “Preference to veterans must be a reality. It cannot be made illusory or a mere gesture.” Opinion of the Justices, 324 Mass. 736, 744, 85 N.E.2d 238, 245. In the case of Babcock v. City of Des Moines, 180 Iowa 1120, 1123, 162 N.W. 763, it was held that the Soldiers’ Preference Law was highly remedial and was intended to give special and deserved privileges to one class of our citizens in consideration of services to this country in time of need. It was further held that such Act should be so construed, when within reason possible, so that its evident purpose should be accomplished.
We hold, then, that the provisions of Section 295.09, when interpreted consistently with the legislative purpose, require the Board to augment the earned rating of a re-instated veteran employee when he first successfully passes an examination for a promotional position, and the lower court did not err in so holding.
Accordingly, the decree appealed from should be and it is hereby
Affirmed.
*728 TERRELL, THOMAS, MATHEWS and DREW, JJ., and WHITE, Associate Justice, concur.
SEBRING, C. J., dissents.