George F. Knox, Jr. City Attorney Miami
QUESTIONS:
1. Does s. 295.09, F. S., as amended by Ch. 78-372, Laws of Florida, entitle eligible veterans and other qualified persons to receive veterans' preference points on promotional examinations, regardless of whether such persons have already been awarded preference points on examinations required for entrance into employment?
2. Does s. 295.09, F. S., as amended by Ch. 78-372, Laws of Florida, provide that eligible veterans and other qualified persons, who are now entitled to veterans' preference points on promotional examinations, may apply such points to their first promotion since the effective date of the amendment, regardless of whether such persons may have received any earlier promotions?
SUMMARY:
Certain veterans and other eligible persons are entitled to receive preference points toward their first promotions after employment, as well as after reinstatement or reemployment, regardless of whether such persons received preference points upon their entrance into employment. Certain veterans and other eligible persons who have not yet been awarded veterans' preference points toward their promotion as authorized under the amended statute are entitled to the benefit of such points until the receipt of the `first' promotion under the act, regardless of whether such persons received any prior promotions.
AS TO QUESTION 1:
Pursuant to the provisions of ss. 295.07, 295.08, and 295.09, F. S., the Legislature has directed the state and its political subdivisions to give preference in employment and promotion to certain veterans and other eligible persons, except when the position is among those listed under s. 110.051(2), F. S., on June 29, 1977, as exempt from the career service system. These statutes are the descendants of an act passed by the 1947 Legislature, Ch. 24201, 1947, Laws of Florida.
Under s. 1, Ch. 24201, 1947, Laws of Florida (codified as s.295.07, F. S. 1947), honorably discharged veterans, as well as certain spouses and unremarried widows of veterans, were entitled to general preference `[i]n certification for appointment, in appointment, in reinstatement, in re-employment and in retention in position in all establishments, boards, commissions, agencies, political subdivisions, and municipalities of the State of Florida . . . .' Section 2 of the act (codified as s. 295.08, F. S. 1947) required that, when employment in a governmental agency listed in s. 1 was subject to a competitive examination, veterans and other eligible persons specified in s. 1 were entitled to the addition of preference points to their examination scores. Section 3 of the act (codified as s. 295.09, F. S. 1947) related to promotion as distinguished from employment and provided that, when the employment of employees of a governmental agency was subject to a competitive examination, an honorably discharged veteran who `shall have been re-instated in his former position' (Emphasis supplied.) was entitled to preference points `upon his first examination to determine his qualifications for promotion . . . .'
In analyzing the purpose and effect of the provisions of s.295.09, F. S. 1951, the Florida Supreme Court observed that
 . . . there can be no doubt that the Legislature desired the veteran to have the actual benefit of the preference granted — either upon his entrance into public service or upon his promotion in such service, if a re-instated employee . . . . [Yates v. Rezeau, 62 So.2d 726, 727 (Fla. 1952); emphasis supplied.]
Thus it is clear that, as originally enacted, ss. 295.07-295.09, F. S. 1947, operated to grant veterans one opportunity for the addition of preference points to a competitive examination score required in public employment — either upon the veteran's entrance into employment or, if reinstated into his or her former employment, upon his or her first promotional examination.
The 1977 Legislature substantially amended ss. 295.07-295.09, F. S. 1975. See s. 1, Ch. 77-422, Laws of Florida. However, the new legislation continued to limit the awarding of preference points on promotional examinations to `the first promotion afterreinstatement or reemployment of the veteran.' Section 295.09, F. S. 1977 (Emphasis supplied.). Under s. 295.08, an eligible veteran, as well as other qualified persons included in s. 295.07, remained entitled to preference points on an examination required for entrance into employment with the state or its political subdivisions. Thus, until the enactment of Ch. 78-372, infra, the state and its political subdivisions were required to award preference points upon an eligible veteran's entrance into public employment or, if a reinstated employee, upon his or her first promotional examination, but not both.
The enactment of Ch. 78-372, Laws of Florida, modified this situation, however. Although no changes were made in s. 295.08, F. S. 1977, the act amended s. 295.09, F. S., to read as follows (the amended language is italicized):
 When a career service system or other merit-type system is used for selection of employees, the state and its political subdivisions shall, on promotional examinations, award preference points, as provided in s. 295.08, to those persons included in s. 295.07(1), (2), (3), and (4). Such persons
shall be promoted ahead of all those who appear in an equal or lesser position on the promotional register. This provision shall apply only to such person's first promotion after employment, reinstatement, or reemployment. (Emphasis supplied.)
It is the last sentence in the above-quoted statute which has apparently created the problem presented by your inquiry. However, an examination of this section, when read with s. 295.08, F. S. 1977, clearly reveals that an eligible veteran or other qualified person included in s. 295.07(1), (2), (3), and (4), F. S., may now be entitled to preference points on his or her first promotional examination after employment as well as after reinstatement or reemployment. The amendment has thus clearly changed prior law relating to veterans' preference points. The legislative intent as expressed in s. 295.09, F. S., as amended, is the law and must be given effect. See State v. Williams, 343 So.2d 35 (Fla. 1977); Overman v. State Board of Control, 71 So.2d 262 (Fla. 1954); and Ervin V. Peninsular Telephone Co., 53 So.2d 647 (Fla. 1951). Moreover, the language of the amendment to s. 295.09 is clear and unambiguous; thus, there is no need to resort to rules of statutory construction. See State v. Egan, 287 So.2d 1 (Fla. 1973); Ervin v. Capital Weekly Post, 97 So.2d 464 (Fla. 1957); and Gough v. State ex rel. Sauls, 55 So.2d 111 (Fla. 1951).
Accordingly, I am of the view that your first question must be answered in the affirmative.
AS TO QUESTION 2:
In Yates v. Rezeau, supra, the Supreme Court uled that the terms of veterans' preference acts must be broadly construed. The court thus held that the requirement in s. 295.09, F. S. 1951, that a reinstated veteran be given preference points `upon his first
examination to determine his qualifications for promotion' (Emphasis supplied.), should not be literally construed so as to preclude a veteran who was unsuccessful on his first promotional examination from over having the advantage of veterans' preference points. Therefore, the court held that the Civil Service Board of the City of Miami must `augment the earned rating of a reinstated veteran employee when he first successfully passes an examination for a promotional position . . . .'
Similarly, in AGO 050-377, August, 3, 1950, Biennial Report of the Attorney General, 1949-1950, p. 344, this office considered whether an employee, who was reinstated to his former position following his military service and who was promoted from a register established prior to the enactment of s. 295.09, F. S. 1949, was entitled to a veteran's preference on each promotional examination until he received another promotion. In answering this question in the affirmative, this office concluded:
 The veteran not having had the benefit of preference in his first promotion is, if he is to profit by the legislation, entitled to the [preference] points or [sic] subsequent promotional examinations until he receives an additional promotion.
With respect to the instant inquiry, therefore, I am of the view that an eligible veteran or other qualified person who has not yet been awarded veterans' preference points toward his or her promotion as authorized under s. 295.09, F. S., as amended, is entitled to the benefit of such points until he or she receives a `first promotion' under the statute, regardless of whether or not such person received any previous promotions.
Accordingly, your second question is answered in the affirmative.
To summarize therefore, it is my opinion that s. 295.09, F. S. (1978 Supp.), entitled certain veterans and other eligible persons to receive preference points toward their first promotions after employment, as well as after reinstatement or reemployment, regardless of whether such persons received preference points upon their entrance into employment. Under s. 295.09, certain veterans and other eligible persons who have not yet been awarded veterans' preference points toward their promotion, as authorized under the amended statute, are entitled to the benefit of such points until the receipt of the `first' promotion under the act, regardless of whether such persons received any prior promotions.
Prepared by:
Patricia R. Gleason Assistant Attorney General