Mr. Thomas A. Bustin City Attorney City of Clearwater Post Office Box 4748 Clearwater, Florida 33518-4748 Attention: Frank X. Kowalski Chief Assistant City Attorney
Dear Mr. Bustin:
This is in response to your request for an opinion on the application of certain veterans' preference statutes to the factual situation you describe in your letter. You ask the following questions:
 1. WHETHER ss 295.07 and 295.08, F.S., LIMIT AND RESTRICT THE USE OF VETERANS' PREFERENCE POINTS TO A VETERAN'S INITIAL EMPLOYMENT POSITION WITHIN A DEPARTMENT OF A MUNICIPALITY.
 2. WHETHER ss 295.07 and 295.08, F.S., ALLOW A CONTINUOUSLY EMPLOYED DISABLED VETERAN THE USE OF HIS PERMANENT 10-POINT PREFERENCE FOR HIS FIRST PROMOTION WHERE HE HAS SUCCESSFULLY PASSED THE REQUIRED COMPETITIVE EXAMINATION.
 3. WHETHER ss 295.07 AND 295.08, F.S., PERMIT THE USE OF VETERANS' PREFERENCE POINTS FOR ANY AND ALL SUBSEQUENT DEPARTMENTAL PROMOTIONS WHERE COMPETITIVE EXAMINATIONS ARE NECESSARY.
Inasmuch as your questions are related and involve an examination of the provisions of s 295.09, F.S., they will be answered together.
Your inquiry states that a disabled veteran is presently employed as a patrolman for the City of Clearwater Police Department. The employee recently passed the competitive examination required of all applicants for promotion to the position of sergeant with the police department. Inasmuch as this veteran did not use any preference points to obtain his initial employment with the department, he now wishes to use his ten "permanent preference points" as provided by s 295.08, F.S., on this promotional examination. You further state that the city is in doubt as to whether such points may be applied to the promotional examination, since "[t]he individual has not been reinstated to a former position, nor has he left the continuous employ of the City of Clearwater, to re-enter military service or for any other reason, subsequent to his initial hire." Section 295.07, F.S., provides in pertinent part that "[t]he state and its political subdivisions shall give preference in appointment and retention in positions of employment, except those included under s. 110.205(2), to . . . disabled veterans" and certain others meeting statutory requirements. Section 295.08, F.S., provides for a "permanent" 10-point preference to disabled veterans who meet the requirements of s 295.07(1), F.S., "[f]or those positions for which an examination is used to determine the qualifications for entrance into employment with the state or its political subdivisions . . . ." I find no provisions in either of these sections relating to promotions; rather, these sections are limited by their terms to "appointment and retention in positions of employment," and to "entrance into employment" where a competitive examination is utilized in classifying applicants for a position. See, AGO 79-45, analyzing ss 295.07 and 295.08, F.S. 1977, and s 295.09, F.S. (1978 Supp.), and distinguishing between employment and promotion. In that opinion, I concluded that certain veterans and other eligible persons are entitled to receive preference points toward their first promotions after employment as well as after reinstatement or reemployment, regardless of whether such persons received preference points upon their entrance into employment, and that certain veterans and other eligible persons who have not yet been awarded veterans' preference points toward their promotion as authorized under s 295.09, F.S. (1978 Supp.), are entitled to the benefit of such points until the receipt of the "first" promotion under the statute, regardless of whether such persons received any prior promotions. In reaching that conclusion, I examined the provisions of s 295.09, F.S. 1977, as amended by s 2, Ch. 78-372, Laws of Florida, which read as follows:
 When a career service system or other merit-type system is used for selection of employees, the state and its political subdivisions shall, on promotional examinations, award preference points, as provided in s. 295.08, to those persons included in s. 295.07(1), (2), (3) and (4). Such persons shall be promoted ahead of all those who appear in an equal or lesser position on the promotional register. This provision shall apply only to such person's first promotion after employment, reinstatement, or reemployment. (e.s.)
However, s 295.09, F.S. 1977, as amended by Ch. 78-372, supra, was further amended by s 2, Ch. 80-370, Laws of Florida, subsequent to the issuance of AGO 79-45. As amended, s 295.09(1), F.S., reads as follows:
295.09 Reinstatement or reemployment; promotion preference. —
 (1)(a) When an employee of the state or any of its political subdivisions employed in a position subject or not subject to a career service system or other merit-type system, with the exception of those positions included under the provisions of s. 110.205(2) and with the exception of comparable positions in the state's political subdivisions, has served in the Armed Forces of the United States and is discharged or separated therefrom with an honorable discharge, the state or its political subdivision shall reemploy or reinstate such person to the same position that he held prior to such service in the armed forces, or to an equivalent position, provided such person returns to the position within 1 year of his date of separation or, in cases of extended active duty, within 1 year of the date of discharge or separation subsequent to the extension. Such person shall also be awarded preference in promotion and shall be promoted ahead of all others who are as well qualified or less qualified for the position. When an examination for promotion is utilized, such person shall be awarded preference points, as provided in s. 295.08, and shall be promoted ahead of all those who appear in an equal or lesser position on the promotional register, provided he first successfully passes the examination for the promotional position.
 (b) The provisions of paragraph (a) shall also apply to a person who was a veteran when employed by the state or its political subdivision and who was recalled to extended active *2779 duty in the Armed Forces of the United States and was discharged or separated therefrom with an honorable discharge.
 (c) The provisions of paragraphs (a) and (b) shall apply only to a veteran's first promotion after reinstatement or reemployment, without exception. (e.s.)
It is therefore apparent that the Legislature, in substantially rewording s 295.09, F.S. 1979, by the enactment of Ch. 80-370, Laws of Florida, intended that the provisions of that section, including the award of preference points to qualified persons taking promotional examinations, should apply only in cases where employment in a position with the state or a political subdivision is interrupted by military service, and then only to "a veteran's first promotion after reinstatement or reemployment," particularly where the effect of the enactment is to delete the word "employment" from the provision of the act now codified as s295.09(1)(c), F.S. The legislative intent as expressed in s295.09(1), F.S., is the law and must be given effect. See, State v. Williams, 343 So.2d 35 (Fla. 1977); Overman v. State Board of Control, 71 So.2d 262 (Fla. 1954); and Ervin v. Peninsular Telephone Co., 53 So.2d 647 (Fla. 1951). See also, AGO 79-45. It is true that laws relating to veterans' benefits have been liberally construed. Cf., Yates v. Rezeau, 62 So.2d 726
(Fla. 1952). However, inasmuch as the language of the amendment to s 295.09, F.S. 1979, is clear and unambiguous, there is no need to resort to rules of statutory construction. See, State v. Egan,287 So.2d 1 (Fla. 1973); Ervin v. Capital Weekly Post, 97 So.2d 464
(Fla. 1957); and Gough v. State ex rel. Sauls, 55 So.2d 111
(Fla. 1951).
Finally, to the extent that s 295.09(1)(c), F.S., once again contains language substantially identical to the last sentence of s 295.09, F.S. 1977, the Florida Supreme Court's construction of similar provisions in a predecessor s 295.09 appears to be on point and controlling as to the factual situation you describe in your inquiry:
 [T]here can be no doubt that the Legislature desired the veteran to have the actual benefit of the preference granted — either upon his entrance into public service or upon his promotion in such service, if a re-instated employee . . . . Yates v. Rezeau, supra, at 727. (e.s.)
See also, AGO 79-45 and legislative history analysis therein.
Therefore, I conclude that ss 295.07, 295.08 and 295.09, F.S., operate to limit and restrict the use of veterans' preference points to a veteran's initial appointment to or retention in or entrance into a position of employment with the state or a political subdivision of the state, including a department of a municipality, except to the extent that s 295.09(1), F.S., authorizes the award of preference points to qualified persons taking promotional examinations in cases where employment with the state or a political subdivision thereof is interrupted by military service, and then only when such examination is for a veteran's first promotion after reinstatement or reemployment.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General