JAMES McBRIDE, Appellant, v. THE CITY COUNCIL OF IN-
DEPENDENCE, IOWA, A. T. O'BRIEN, P. McCORSTIN,
J. L. MABIE, M. A. DOUGHERTY, JOHN WEBER, M. R.
BRIERLY, W. S. WALLACE, JOHN IEKEL, F. A. SAW-
YER, JARVE MARQUETTE, as members of said City Coun-
cil of Independence, Iowa, and J. R. MONTGOMERY, de-
fendants.

**Appointment to office:** SOLDIERS PREFERENCE. An honorably dis-
charged soldier or sailor is not entitled to a preference, in
the matter of appointment to office, unless his qualifications are
equal to those of his competitors.

*Appeal from Buchanan District Court.*— HON. A. S. BLAIR,
Judge.

FRIDAY, JANUARY 11, 1907.

REHEARING DENIED, MONDAY, MAY 20, 1907.

ACTION in mandamus to compel the defendants to ap-
point plaintiff city collector of the city of Independence.
The petition was dismissed, and plaintiff appeals.— *Af-
firmed.*

*Cook & Cook,* for appellant.

*H. C. Chappell,* for appellees.

LADD, J.— The plaintiff, though an honorably dis-
charged soldier of the late Civil War, of good moral character
and competent to perform the duties of the position, was re-
fused the office of the city collector of the city of Independ-
ence for which he had made timely application in due form,
and T. R. Montgomery, who was not a veteran of that war,
was appointed in his stead.   The petition, praying for a writ

of mandamus, so stated, but omitted to allege that the men were possessed of equal qualifications, and on this ground, as well as that the act of the Legislature was unconstitutional, the demurrer to it was sustained. Since the ruling was made the constitutionality of the act has been upheld by this court, *Shaw v. City Council of Marshalltown,* 131 Iowa, 128, and that question is not argued. Our inquiry then is limited to whether, in order to be entitled to preference, the veteran of the Civil War must have qualifications equal to those of his competitors for the place sought. This necessarily depends upon the interpretation to be given the statute creating preference.

Section 1, chapter 9, Acts 30th General Assembly, provides:

That in every public department and upon all public works in the State of Iowa, and of the counties, cities and towns thereof, honorably discharged soldiers, sailors and marines from the army and navy of the United States in the late civil war, who are citizens and residents of this State, shall be entitled to preference in appointment, employment and promotion over other persons of equal qualifications and the person thus preferred shall not be disqualified from holding any position hereinbefore mentioned on account of his age or by reason of any physical disability, provided such age or disability, does not render him incompetent to perform properly the duties of the position applied for, and when such soldier, sailor or marine shall apply for appointment or employment under this act, the officer, board or person whose duty it is or may be to appoint or employ some person to fill such position or place, shall before appointment or employing any one to fill such position or place make an investigation as to the qualifications of said soldier, sailor or marine for such place or position, and if he is a man of good moral character and can perform the duties of said position so applied for by him, as hereinbefore provided, said officer, board or person shall appoint said soldier, sailor or marine to such position, place or employment. A refusal to allow the preference provided for in this and the next succeeding section to any honorably discharged soldier,

or a reduction of his compensation intended to bring about his resignation or discharge entitles such honorably discharged soldier, sailor or marine to a right of action therefor in any court of competent jurisdiction for damages, and also a remedy for mandamus for righting the wrong.

Analyzing this statute somewhat, it will be seen that the first part of the section relates to the persons entitled to the preference and the last portion to the manner of securing such preference. It is created in favor of veterans of the Civil War, but over those only of equal qualifications. As the veterans are advanced in years, it is further provided that neither age nor physical infirmity shall be considered in passing on their qualifications for the position, unless these are such as to render them incompetent to perform the duties of the position sought. This does not deny to the public the benefit of superior service nor the advantage of having the best qualified men in the service of the public; for the veteran's qualifications to discharge the particular duties exacted must at least equal those of his competitors to entitle him to preference.

The last portion of the section relates solely to effectuating the preference created by the first part. It concerns those only for whose benefit the statute was enacted, for it begins: "When such soldier, sailor or marine shall apply," etc. Manifestly this refers to the soldier, sailor, or marine previously described, and before making the appointment the board or officer required to select is bound to make an investigation as to the applicant's qualifications. If these are not equal to those of the other persons under consideration, he is not of the class of persons previously defined and in whose favor the preference was created. If of equal qualification, however, he would not necessarily be entitled to the position or office, for all might prove to be disqualified, and therefore to render his employment or appointment obligatory and enforceable by proceedings in mandamus, it is further exacted that he must be of good moral character and

able to perform the duties of the position applied for. Such is the plain meaning of the law: But appellant argues that the provision relating to equal qualifications is general and must give way to the more particular specifications enumerated later on, and that bare competency and good moral character constitute the " equal qualifications " mentioned in the forepart of the section. That general terms followed by particulars included in them will often be controlled by the latter may be conceded. The trouble with appellant's contention is that the language employed by the lawmakers does not bring the statute within this rule; for preference is conferred only on such veterans as possess qualifications equal to those possessed by other candidates for the office or place. For no other is the preference provided. That some persons are better able to and will perform the duties of a position with greater efficiency than others, who are barely competent to discharge them, is recognized by every one, and it was not the design of the Legislature to deprive the State or any of its governmental subdivisions of the very best service attainable. To this end equality in the matter of qualifications is a condition to awarding any preference. So that the test to be applied in determining the right of preference is that of qualifications, and one of the purposes of the investigation is to enable the appointing officer or board to pass upon the comparative qualifications of the several candidates. Only by perverting the plain language of the statute can it be said that the only qualification to entitle to preference is that of good moral character and bare competence to perform the duties of the office. This provision is inserted as a prerequisite to any appointment and has no relation to the comparative qualifications of the respective applicants for position in determining the right to preference.

We conclude that the demurrer was rightly sustained, and the judgment is *affirmed*.