GRANT J. Ross v. City Council of Sioux City, et al., Appellants.

**Mandamus:** APPOINTMENT TO OFFICE OF WAR VETERAN. Mandamus cannot be resorted to for the purpose of compelling an appointing board to give the statutory preference to a war veteran over other applicants; it can only be invoked to compel the board to exercise its discretion in determining the qualification of applicants, not for the purpose of controlling that discretion.

*Appeal from Woodbury District Court.*— HON F. R. GAYNOR, Judge.

THURSDAY, OCTOBER 24, 1907.

Action by mandamus to compel the defendant city council to employ the plaintiff as physician and health officer under the soldiers' preference law. There was judgment for the plaintiff, and the city council appeals.—*Reversed.*

*Fred W. Sargent* and *A. Van Wagenen,* for appellant.

*A. D. Collier* and *J. S. Lothrop,* for appellee.

Per Curiam.— It appears that plaintiff was an applicant before the defendant city council for appointment to the position of physician and health officer for the city, and that it was shown to the council in proceedings with reference to the appointment to that office that plaintiff was a practicing physician in the city and a soldier of the Civil War; but, notwithstanding the claim on the part of plaintiff that he was entitled to appointment under the soldiers' preference statute (Acts 30th General Assembly), the appointment was given to another. Plaintiff brought this action to have established his right to appointment to the office under the statute, alleging that he was such soldier, and that he was of good moral character, and competent to discharge the duties of the office, and therein asked that a writ of mandamus be issued directing the defendant city council to employ the plaintiff and remove the person appointed, who was also made defendant, from such office. Defendant's demurrer to the petition was overruled, and the court determined the issue of fact raised by an answer on the part of defendant, and found the plaintiff to be an honorably discharged soldier of the army of the United States in the Civil War, a competent physician, a man of good moral character, and a person competent and able to perform the duties of the position applied for by him, and adjudged the appointment of the person who was appointed illegal, and issued a mandamus commanding the city council to appoint the plaintiff to the office.

The sole question for determination is whether an action of mandamus will lie to compel the appointment of a Civil War veteran to an office for the discharge of which he is shown to be competent, regardless of the exercise of any discretion on the part of the appointing board as to whether he is as well qualified, in all respects, to discharge the duties of the office as another person, also competent, not a veteran, who may be considered by such board for appointment to such office. The statute provides that " an honorably discharged soldier, as described by the act, shall be entitled to preference over other persons of equal qualifications," and directs that the appointing board shall make an investigation as to the qualifications of such applicant, and, if he is a man of good moral character and can perform the duties of the position applied for, as therein provided, shall appoint him to such place. It is therefore apparent that it is only when the discharged soldier has equal qualifications with any other person who is being considered with reference to the filling of an office that the discharged soldier is to be given a preference. It is not sufficient that applicant be found to be of good moral character and competent to discharge the duties of the office; but, to entitle him to the appointment, it must appear that his qualifications are equal to those of another thus being considered. Plainly, the appointing board must determine the question of moral character and competency, and must further exercise discretion in ascertaining whether the applicant under the soldiers' preference law has equal qualifications.

Now, it is elementary that the action of mandamus will not lie to control the exercise of discretion on the part of a board upon which the duty to investigate and determine is cast. A board may be compelled to act, but its discretion cannot be controlled in such a proceeding. The statute gives to the complaining party a remedy by mandamus to right the wrong involved in a refusal to allow the preference provided for; but this can mean no more than that the board shall

be required to determine whether the applicant is entitled to the appointment which is sought. This view of the meaning of the statute has already been explained in the cases of *McBride v. City Council*, 134 Iowa, 501, and *Boyer v. Mayor and City Council* (Iowa), 113 N. W. 474, both decided since the judgment in the present case was entered below; and in accordance with the view expressed in those cases the judgment of the lower court is *reversed*.