HENRY B. ARNOLD, Plaintiff and Appellant, v. WAPELLO
COUNTY, IOWA; THE BOARD OF SUPERVISORS OF SAID
COUNTY; H. B. PATTERSON, J. W. HALL, A. J. FAIR-
CHILD, WILLIAM BRADY, as members of said Board
and individually, Defendants and Appellees; A. J.
FAIRCHILD, Cross Appellant.

Appointment of officers: SOLDIER'S PREFERENCE: MANDAMUS. The
soldier's preference law involves an exercise of judgment and
discretion which the court will not undertake to control in a
*mandamus* proceeding, unless there has been bad faith and an
abuse of such discretion. In this action there was evidence justi-
fying the action of the board of supervisors in appointing the
defendant rather than plaintiff, an old soldier who had the bur-
den of showing equal qualifications, as court house janitor; al-
though one member was a relative of defendant and the appoint-
ment was made by a majority vote.

Costs: APPEAL: MOOT QUESTION. Where a judgment for costs has
been paid by one of the parties a co-party will not be heard to
complain of the judgment against him on appeal.

*Appeal from Wapello District Court.*—HON C. W. VER-
MILLION, Judge.

WEDNESDAY, FEBRUARY 14, 1912.

ACTION of mandamus to install the appellant, an hon-
orably discharged soldier of the Civil War, in the position
of janitor of the courthouse of Ottumwa, by virtue of his
right to preference in such employment, under the sol-
diers' preference law (Code Supplement 1907, section
1056-a15.—*Affirmed.*

*Chester W. Whitmore,* for appellant Henry B. Arnold.

*George L. Gillies,* for cross-appellant A. J. Fairchild.

*Daniel F. Steck,* County Attorney, for Wapello county, the Board of Supervisors thereof; H. B. Patterson, J. W. Hall, and William Brady.

EVANS, J.—On February 23, 1911, the plaintiff, an old soldier, applied to the defendants as a board of supervisors to fill a vacancy as janitor of the courthouse. On the same day, the board by a majority vote appointed one William Brady, who was not an old soldier. Thereupon this action was begun, and an alternative writ was issued, and a return thereto made by the defendants and a hearing had thereon before the court. At such hearing the trial court found that Brady had been illegally appointed, in that the board had made no investigation nor given any consideration to the qualifications of the appellant before the appointment of Brady. A peremptory writ was therefore issued directing the board of supervisors to conduct such investigation and to "conduct an investigation into the relative merits of the plaintiff and Brady" and "determine the fitness of such applicants for said position of janitor." The court also ordered that such investigation should be made, and that the defendants make return to the writ within ten days, and the case was continued for such purpose. Thereupon such investigation was conducted before the board of supervisors upon a day set. The examination of the witnesses was taken down in writing. The board determined that Brady had the better qualifications, and his appointment was again made by a majority vote. The defendants thereupon made return to the peremptory writ of mandamus, showing the facts already stated. The written evidence of the witnesses examined before the board was also presented to the court as a part of the return. The plaintiff appellant filed exceptions to the return and a motion to quash the same and asked a peremptory writ installing the appellant as janitor, all of which was refused.

The only question presented by such motion, and the

only question now presented for our consideration, is whether the testimony heard by the board of supervisors was such as to justify its appointment of Brady in the exercise of its legal discretion. The trial court thought it was sufficient and refused to interfere. We have read the evidence and reach the same conclusion. The position sought involved hard labor, and Brady undoubtedly had the greater capacity for such labor. At the time of the hearing he had been engaged in the work for nearly two months. The plaintiff had been engaged in the same work for the period of a year in the year 1909. There was therefore some opportunity for the consideration of the relative merits of the two men. Two of the plaintiff's own witnesses who testified to his qualifications conceded on cross-examination that Brady was the better of the two. These two witnesses were the clerk and the sheriff. Several other witnesses testified on behalf of Brady to the same effect. It devolved upon the plaintiff to show that his qualifications were equal to those of Brady. Upon a fair conflict of the evidence, it is not for us to say that the appointing board should have reached a different conclusion.

1. APPOINTMENT OF OFFICERS: soldiers' preference: mandamus.

It is said that there was an abuse of discretion; but this can not be if the appointment was sustained by substantial evidence. The appointment was made by majority vote. The two Democrats of the board voted for Brady, while the Republican member voted for Arnold, who is also a Democrat. Brady is a second cousin of one of the Democratic members. It is urged, therefore, that the two Democratic members had predetermined the whole question and were partisans of Brady, and that the plaintiff therefore had no chance. The law, however, does not reach these questions. It is undoubtedly true that a friendly board could have appointed Arnold as an old soldier, even though he did not possess equal qualifications with Brady. It is undoubtedly true, also, that a friendly board could

have found the qualifications of Arnold equal to those of Brady upon the evidence in the record before us. But those are matters quite beyond the reach of a writ of mandamus. The duty of appointment involves the exercise of judgment and discretion which the court can not forbid. The question of the relative merits of the contestants is not triable *de novo* before the trial court, nor before us. We can only interfere when the record discloses bad faith and abuse of discretion in a legal sense. Such a case is not presented in this record. *McBride v. Independence,* 134 Iowa, 501; *Ross v. Sioux City,* 136 Iowa, 126.

II. The appellant Fairchild is the Republican member of the board and was named as one of the defendants. The proceedings complained of were all had over his protest and his negative vote. After the first

2. COSTS: appeal: moot question.

branch of the hearing on the alternative writ, the trial court ordered an investigation by the board and taxed the costs, up to that period of the trial, to the "defendants." The defendant Fairchild has appealed from such order on the ground that the judgment in such form was a judgment against himself as well as against the other defendants, and that no costs ought to have been taxed to him. Before this appeal was taken, the judgment for costs had been paid by the defendant Wapello county, and the same had been discharged of record. There is therefore nothing upon which to base the appeal of this appellant. Doubtless he would be entitled to relief if the judgment were unsatisfied.

On both appeals, therefore, the judgment below must be, and it is, *affirmed.*