THEODORE ZANFES, Appellee, v. FORREST M. OLSON, Commissioner of Public Safety, Appellant.

No. 46226.

FEBRUARY 9, 1943.

Ralph W. Crary and V. O. DeWitt, both of Sioux City, for appellant.

Baron & Bolton, of Sioux City, for appellee.

HALE, J.—Appellee was a policeman in Sioux City, Iowa, and on April 10, 1941, with eighteen members of the police department, took an examination for promotion to the office of detective. After the examination the Civil Service Commission of Sioux City made an eligibility list of ten of the eighteen taking the examination showing them to be eligible for appointment by promotion. Appellee was an ex-service man with an honorable discharge and is so shown on the records of the Civil Service Commission. He is the only person on the eligibility list raising the question as to right to appointment by reason of the preference given to soldiers and sailors.

Appellee has never been appointed from such list to the office of detective, but appointment from the list was made of Edward A. Ballard on August 5, 1941, and he has since acted in that capacity. He is not an ex-service man. Among the names certified by the Civil Service Commission Ballard stood fifth with a grade of 84.9 and Zanfes stood ninth on the list with a grade of 82.9. Since such list was certified three detectives have been appointed therefrom: Ballard, August 5, 1941; Gibbons, who stood third on the list with a grade of 86.5, was appointed May 22, 1942; and Hoffman, who was fourth with a grade of 85.2, was appointed December 30, 1941. These were the only ones appointed. Zanfes, appellee, was the only veteran on the list. Mahr, the first man on the list, has never been appointed. O'Hara, the second, is dead, but at the time of his death had not been appointed.

Appellee's petition for a writ of mandamus was filed January 15, 1942, and after hearing, the court, on October 20, 1942, rendered judgment and decree finding that the appellee was entitled to the rank and privileges of a detective from and after August 5, 1941, and issued the writ directed to appellant commanding him to cancel and revoke the appointment of Ballard and appoint Zanfes in his place. The appellant, Forrest M. Olson, Commissioner of Public Safety of the City of Sioux City, appeals from this judgment and order of the district court.

The only question presented by this appeal is whether Zanfes, a veteran, was entitled to preference in appointment from the civil-service eligibility list over the appointee, Ballard,

a nonservice man, who had a higher grade and standing on the list than the appellee. Appellant's contention is that the qualifications of a veteran, to entitle him to appointment, must be at least equal to the qualifications of other applicants: but appellee claims that the preference provision of the Civil Service Law makes no such requirement. Appellant argues that the rule is based on section 1159 of chapter 60, Code of Iowa, 1939, known as the Soldiers' Preference Law, which reads as follows:

"In every public department and upon all public works in the state, and of the counties * * * honorably discharged soldiers * * * shall * * * be entitled to preference in appointment * * * over other applicants *of no greater qualifications.*" (Italics ours.)

Appellant cites various cases decided by this court which hold to the rule he claims. See McBride v. City of Independence, 134 Iowa 501, 110 N. W. 157; Arnold v. Wapello County, 154 Iowa 111, 134 N. W. 546; Ross v. City Council, 136 Iowa 125, 113 N. W. 474; Boyer v. Mayor, Iowa, 113 N. W. 474; Miller v. Hanna, 221 Iowa 56, 265 N. W. 127. These cases were all decided under the provisions of chapter 60, Code of Iowa, 1939, which was originally section 1, chapter 9, Acts of the Thirtieth General Assembly. This action is brought, however, and the claim is made that the right to preference is given under the Civil Service Law, chapter 289, Code of Iowa, 1939. In this chapter, section 5697, it is provided:

"In all examinations and appointments under the provisions of this chapter, honorably discharged soldiers, * * * shall be given the preference, if otherwise qualified."

The difference between these two sections is apparent. Under what is generally known as the Soldiers' Preference Law the requirement is made that the qualifications of the preferred candidate must be equal. Under the Civil Service Law the requirement as to preference for veterans is only that they be otherwise qualified. There are certain exceptions to the preference under both statutes. Under the Civil Service Law the preference does not apply in some cases. However, under such law it is required that the Civil Service Commission shall hold

1172

examinations for determining the qualifications of applicants for appointment and shall also hold promotional examinations at certain stated times as prescribed in sections 5696 and 5696.1. After such examination, in case of promotion or appointment, the commission certifies to the person having appointive power a list of the names of the ten persons who qualify with the highest standing as the result of such examination, or such number as have qualified if less than ten, in the order of their standing, and from this list is selected the applicant for the position or for promotion. Except in cases of emergency no person may be employed in the police department, except certain-named officers, who does not possess the following qualifications: he must be a citizen of the United States, a resident of the city for more than one year, of good moral character, be able to read and write the English language, must not be a liquor or drug addict, must never have been convicted of a felony, must not have borne arms against the United States Government at any time, and must not have claimed exemption on account of being a conscientious objector. [Section 5701, Code, 1939.] Subject to these restrictions and to the preference provided for in section 5697, the appointive power is in the commissioner of public safety, who is the head of the police and fire departments.

The controversy here, then, is whether the requirements of chapter 60, under which the qualifications must be equal to entitle the applicant to soldiers' preference, or the provisions of chapter 289, where equality is not required but only that the candidate for the position or for promotion is otherwise qualified, apply. The general qualifications have been set out above. The candidate must be one certified by the Civil Service Commission. It is the commission that determines the qualifications of a candidate and not, as in other offices coming within the purview of the general Soldiers' Preference Law, the appointing officer. While we have often held that the power to appoint is discretionary, yet that discretion is governed by statute. In this case the commissioner of public safety could not go outside of the list submitted. He could make no appointment forbidden by statute under section 5701, and he must grant the preference

which the law in certain cases requires. It is our opinion that in all appointments coming under civil service only the provisions as to preference contained in the Civil Service Law itself control, and that as to such appointments the provisions of chapter 60 do not apply.

It is argued by appellant that the provision of the law requiring the Civil Service Commission, in certifying the list, to give the order of standing of the candidates controls the appointment, and that a person, for instance, holding position number one must be preferred over a person holding position number nine. We do not so understand the law. The commission certifies all who are eligible for appointment. The requirement that the order of standing must be. given is only for the information of the appointing officer. It does not necessarily require that candidates should be taken in such order. If it were the intent of the law that candidates must be appointed in the order of their standing on the list furnished by the Civil Service Commission, then the soldiers'-preference statute, section 5697, Code of Iowa, 1939, has no force and the veteran's preference would avail him nothing. It would also mean that the appointment would be by the Civil Service Commission (which has no such power) and not by the commissioner of public safety in whom the power of appointment is lodged, subject to section 5697. Such a construction would be far apart from the intent or purpose of the Civil Service Law. The law was not so applied in the instant case. Persons of higher relative standing than the appointee were passed over. We are satisfied that the relative standing on the eligibility list does not govern and that when such list is transmitted by the commission it is merely a certification that all whose names appear thereon are qualified.

The appellant cites our recent case of Herman v. Sturgeon, 228 Iowa 829, 293 N. W. 488. The facts in that case were the reverse of those in the present case. It was a mandamus action brought by the veterans to compel the defendant, commissioner of public safety, to cancel the promotional appointment of one Corcoran as lieutenant of the fire department and to promote instead one of the plaintiffs under both the Civil Service and the Soldiers' Preference Laws. The writ was granted and the case affirmed. Justice Bliss, in his opinion recognizes the dis-

tinction between the Herman case and the case of McLaughlin v. Board of Supervisors, 227 Iowa 267, 288 N. W. 74, which was strictly a soldiers'-preference case without any element of civil service involved, and says, at page 834 of 228 Iowa, page 490 of 293 N. W., referring to the preference given by the civil-service statute:

"The power of appointment rests in the department or office having the position sought, but the choice of appointees is limited to the list furnished by the commission. The choice of the appointing power in this case in making a selection from the list of ten is further limited by the fact that three of the listed applicants are honorably discharged members of the army and navy of the United States." Quoting section 5697, Code of Iowa, 1939.

There was some discussion as to the question of preference according to standing on the list, and the appellees based their claim for relief not only upon the provisions of chapter 289, but also chapter 60. The opinion distinctly states in the discussion as to the question of any right of preference according to position on the list, in regard to a New York case, at page 836 of 228 Iowa, page 491 of 293 N. W.:

"We have no such constitutional or definite legislative provision in this state, and although the language of section 5697 is broad, we are not required to hold that the service man is entitled to preferential appointment regardless of his position on the list, and we do not so hold, since in the case before us both of the appellees stood ahead of the appointee in the list."

In other words, the question did not arise in that case as to the right of appointment in relation to standing and is not passed on. However, we have that question presented to us by this appeal, and we are satisfied that "otherwise qualified" means that the applicant is one of the ten certified by the Civil Service Commission to be eligible and qualified for the appointment, and therefore, being otherwise qualified, and being the only veteran on the list, he should take precedence; and the preference given him by the statute would entitle him to the appointment. This is not a case where the question of eligibility

depends upon the investigation made by the appointing power or officer, but such investigation is made by the Civil Service Commission and the appointing officer is authorized to make such appointment subject to the requirements of the soldiers'-preference provision found in such civil-service statute. We are satisfied that the appellee, under the civil-service rule, was entitled to such position and that the court was right in so ordering.—Affirmed.

All JUSTICES concur.