**Eugene VISLISEL, Appellant,**

v.

**The UNIVERSITY OF IOWA, et al., Appellee.**

No. 88–1519.

Supreme Court of Iowa.

Sept. 20, 1989.

Rehearing Denied Oct. 13, 1989.

Eugene Vislisel, Cedar Rapids, pro se.

Thomas J. Miller, Atty. Gen., and Joan Fitzpatrick Bolin, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

In this appeal we must determine the nature of the veterans preference under Iowa Code chapter 70 (1987) and rules adopted by the State Board of Regents pursuant to the merit system law, Iowa Code chapter 19A. The district court concluded that the veterans preference for wartime veterans who apply for merit system positions consists of points added to scores on qualifying examinations. Because the veteran, Eugene Vislisel, was awarded the points provided by the statute, the district court denied his petition for a writ of mandamus. We affirm.

Eugene Vislisel is a veteran of the Korean Conflict. In July 1985 he applied for employment with the University of Iowa (University). The application indicated he was a veteran of the United States Armed Forces. The University added five points to his examination score as a veterans preference under Iowa Code section 19A.9(21). Vislisel's name appeared on University personnel services eligibility lists, and he was interviewed for four clerk typist III positions. He was among the top six applicants for each position and was ranked first for three of the four positions on the basis of his total score on the qualifying examination. He was not offered a job. The applicants hired for at least three of the positions were not veterans.

Vislisel filed a petition for writ of mandamus in district court seeking to require the University to appoint him to one of the positions and to allow recovery of damages for lost earnings. He alleged that the veterans preference law, Iowa Code section 70.1, required his appointment. The action was filed under Iowa Code section 70.4, which allows an applicant to maintain an action for mandamus upon a refusal by the appointing authority to allow the preference provided by the veterans preference law.

The court concluded that the provisions of section 19A.9(21) provided a specific, quantifiable manner in which the general veterans preference of chapter 70 is given effect. As such, the University is free to select an employee from among the top six applicants, as provided by section 19A.9(7), even when a veteran is among them. The district court held that the University could not be required to hire Vislisel. He appeals from the court's refusal to issue a writ of mandamus.

In 1904 the Iowa Legislature adopted a veterans preference law in public employment. 1904 Iowa Acts ch. 9 (codified at Iowa Code ch. 70). The act provided that honorably discharged veterans of the Civil War be entitled to preference in appointment, employment and promotion over other persons of equal qualifications. A refusal to allow the preference entitled the veteran to bring an action for damages and for mandamus for righting the wrong. Through the years the veterans preference law has been amended to include veterans of other wars and conflicts in which the United States has been involved. *See* Iowa Code Ann. § 70.1 historical note (West 1973).

In 1907 the Iowa Legislature adopted a civil service statute providing for appointment, employment, promotion and discharge of municipal employees. 1907 Iowa Acts ch. 48, § 14 (codified at Iowa Code ch. 400). In 1911 it amended the statute to provide for a veterans preference. 1911 Iowa Acts ch. 54, § 2 (codified at Iowa Code § 400.10). The purpose of the civil

service legislation was to get away from the evils of the spoils system, political considerations, and favoritism in appointments to public service. *Herman v. Sturgeon,* 228 Iowa 829, 838, 293 N.W. 488, 492 (1940). It sought to secure efficiency by establishing a merit system which based eligibility to appointment upon fitness for service. *Id.*

In 1967 the Iowa Legislature adopted an act to establish a merit system of personnel administration for state employees. 1967 Iowa Acts ch. 95 (codified at Iowa Code ch. 19A). Its general purpose was to establish for the State of Iowa a system of personnel administration based upon merit principles and scientific methods governing the appointment, promotion, welfare, transfer, layoff, removal and discipline of its civil employees. This act provided for the establishment of eligibility lists for appointment based upon competitive examination test scores. The appointing authority is to appoint a person among the top six applicants. Iowa Code § 19A.9(7). The act also provided for a veterans preference. It directed the adoption of administrative rules that provided for veterans preference through a provision that honorably separated wartime veterans shall have five points added to the grade or score attained in qualifying examinations for appointment to jobs. Iowa Code § 19A.9(21). Hence, the Board of Regents adopted an administrative rule that veterans preference shall be given by the addition of extra points to examination scores as provided by law. 681 Iowa Admin.Code 3.56(8) (1987).

Under the veterans preference law, Iowa Code chapter 70, we construed the preference for appointment in hiring to be mandatory, controlling, and reconcilable with other Iowa civil service statutes. *See, e.g., Dennis v. Bennet,* 258 Iowa 664, 669, 140 N.W.2d 123, 126 (1966); *Geyer v. Triplett,* 237 Iowa 664, 22 N.W.2d 329 (1946); *Herman v. Sturgeon,* 228 Iowa 829, 293 N.W. 488 (1940). In 1985 the legislature amended the provisions of Iowa Code section 70.1. 1985 Iowa Acts ch. 50, § 1. The amendment with deletions struck through and additions underscored reads as follows in pertinent parts:

1. In every public department and upon all public works in the state, and of the counties, cities, and school corporations thereof, honorably discharged persons from the military or naval forces of the United States in any war ..., who are citizens and residents of this state ~~shall be~~ are entitled to preference in appointment~~,~~ and employment~~, and promotion~~ over other applicants of no greater qualifications. The preference in appointment and employment for employees of cities under a municipal civil service is the same as provided in section 400.10.

2. In all jobs of the state and its political subdivisions, an application form shall be completed. The application form shall contain an inquiry into the applicant's military service during the wars or armed conflicts as specified in subsection 1.

3. In all jobs of political subdivisions of the state which are to be filled by competitive examination or by appointment, public notice of the application deadline to fill a job shall be posted at least ten days before the deadline in the same manner as notices of meetings are posted under section 21.4.

4. For jobs in political subdivisions of the state that are filled through a point-rated qualifying examination, the preference afforded to veterans shall be equivalent to that provided for municipal civil service systems in section 400.10.

1985 Iowa Acts ch. 50, § 1 (effective July 1, 1985) (codified at Iowa Code § 70.1).

We must now construe the veterans preference law as amended in 1985. In construing statutes the court searches for the legislative intent as shown by what the legislature said, rather than what it should or might have said. Iowa R.App.P. 14(f)(13). The amended statute clearly directs a preference for veterans in the form of additional points for jobs filled through a point-rated qualifying examination. *See* Iowa Code § 70.1(4). It brings the veterans preference policy for state and city employees under section 70.1 in line with

the veterans preference for state merit system employees under section 19A.9.

A statutory amendment may indicate the legislative intent to change the meaning of the statute or to clarify it. *Barnett v. Durant Community School Dist.*, 249 N.W.2d 626, 629 (Iowa 1977). We assume an amendment is adopted to accomplish a purpose and was not simply a futile exercise of legislative power. *Mallory v. Paradise*, 173 N.W.2d 264, 267 (Iowa 1969).

The clear language of the amendment evidences a legislative intent to modify the broad, general veterans preference. Specifically, it recognizes the addition of points to a veteran's examination score as an appropriate preference for veterans. The amendment does not affect the authority of the appointing agency to select one of the six qualified applicants on the eligibility list.

The cases relied upon by Vislisel are no longer applicable because of the amendment of section 70.1. They were decided prior to the advent of the point-rated qualifying examination for state employees introduced by the merit system law. They were based upon a statute that did not specifically provide for additional points to be given those veterans who qualified by reason of service during war or hostility.

We are mindful of the expressed legislative intent to reward veterans for their sacrifice and contributions to this state. We also recognize the legislature's power to provide or to modify preference benefits. We must apply the statute according to its terms. *Iowa Nat'l Mut. Ins. Co. v. Granneman*, 438 N.W.2d 840, 841 (Iowa 1989).

On review of the record we find no abuse of discretion in the appointment of other qualified applicants rather than the veteran, Vislisel. Any error in the court's failure to grant Vislisel's application for adjudication of law points would be harmless in view of our determination that the amended statute did not provide the relief requested.

We affirm the court's denial of the writ of mandamus and recovery of damages.

AFFIRMED.