(63 App. Div. 276.)

PEOPLE ex rel. CONLIN v. VILLAGE OF DOBBS FERRY et al.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

1. MANDAMUS—PARTIES.
      In mandamus to compel a village board to appoint relator to an office for which another had been chosen, the appointee should be made a party.

2. VILLAGE LAW—OFFICERS—APPOINTMENT—REMOVAL.
      Under Village Law (Laws 1897, c. 414) § 43, providing that the term of office of a village street commissioner shall be one year, the failure to reappoint a commissioner and the selection of another is not a removal from office.

3. SAME—SOLDIERS—FIREMEN—PREFERENCES.
      Under White Law (Laws 1899, c. 370) § 20, providing that in appointment to certain offices preference shall be given to honorably discharged soldiers and to veteran firemen, on application to a village board by a fireman and a soldier, the board had the power to select.

Appeal from special term, Kings county.

Mandamus by the people, on the relation of John Conlin, against the village of Dobbs Ferry and others, to compel the defendants to appoint relator to the position of street commissioner of said village. From an order denying the writ, relator appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Joseph F. Daly, for appellant.
Charles P. McClelland, for respondents.

GOODRICH, P. J. It appears, though somewhat obscurely, that the relator held the position of street commissioner of the village of Dobbs Ferry for the year ending March 25, 1901. In his petition he alleges that on that day he applied to the respondents, composing the village board, "for its appointment of him as street commissioner for said defendant village, in whom the appointment to such office of street commissioner is vested by said village law." The board refused to appoint him, and appointed Michael J. Francis to the office, and he applied for a peremptory writ of mandamus, requiring the village board of trustees to appoint him to such position. He alleges that his application for appointment stated that he was an honorably discharged soldier of the late Civil War, and that the board refused to give him the preference provided by the constitution and by section 20 of the White law (chapter 370, Laws 1899), and appointed Francis, who was not an honorably discharged soldier,

sailor, or marine. The answer of Gilespie, president of the village board, alleges that Francis, in his application for appointment, set forth that he was a veteran volunteer fireman, and entitled to preference in appointment. The court denied the motion for the writ, and the relator appeals.

Francis was not made a party to the proceeding, and this was held to be a fatal defect by the old general term of this department in People v. Wendell (Sup.) 10 N. Y. Supp. 587. Section 43 of the village law (chapter 414, Laws 1897) provides that the term of office of the street commissioner shall be one official year. The relator's term of office expired on March 25th. Consequently, it cannot be held that the action of the board was a removal from office. The board was called upon to newly fill an office, and between two persons entitled to preference in appointment,—the one a veteran soldier, and the other a veteran fireman,—it selected the latter. The White law does not compel the board in such a case to give the veteran soldier the preference, and the board had the power to exercise the right of selection. With that choice we cannot interfere. The order should be affirmed, with costs. All concur.