A. F. HANNAM, Appellant, v. IOWA STATE COMMERCE COMMISSION et al., Appellees.

No. 45226.

JUNE 18, 1940.

Edward J. Grier, for appellant.

John C. Demar, Commerce Counsel (formerly), Harold E. Davidson, Commerce Counsel and R. C. Davis, Assistant Commerce Counsel, for appellees.

HAMILTON, C. J.—Plaintiff was employed by the Iowa State Commerce Commission as an inspector in the motor transportation division from April 1935 until February 14, 1939, at which time his services were terminated without a hearing. Plaintiff asked certiorari, which was denied, the court holding that the job of inspector falls within the exception noted in Code section 1165, such inspector occupying "a strictly confidential relation to the appointing officer", namely, the commission. This is the only question in the case.

After careful consideration, we are satisfied the decision reached by the trial court should have our approval. This identical question was before the court in Allen v. Wegman, 218 Iowa 801, 811, 254 N. W. 74, 80, decided by a divided court. As we view the record, there exists in the instant case much stronger reason for classifying the relation of inspector as one of "strictly confidential" to the appointing officers than can be found in the record of the Allen case, supra.

The Iowa State Commerce Commission is composed of three commissioners elected by the people. It has charge of motor vehicle carriers, railroads, trucks, etc. The motor vehicle transportation division, a subdivision of the commission, is composed of a superintendent, deputy superintendents, a chief inspector and general field inspectors. Plaintiff was one of the

general field inspectors appointed by the commission. His territory consisted of certain counties in southeastern Iowa, known as district 13. His principal duties were (a) to check up on each carrier and see that he had the required authority, (b) provide blanks for permits and certificates and instruct applicants regarding same, (c) investigate complaints of violations and, if warranted, file charges, (d) collect permit fees and give receipts, (e) in proper cases collect the ton mile tax, (f) advise carriers as to insurance requirements and see that all motor vehicles were properly marked, (g) investigate rate violation complaints and file charges, in proper cases, and (h) make special reports to the commission at its request. These do not include all the conceivable duties which might, under various circumstances, devolve upon him. He was necessarily given considerable latitude and required to exercise his discretion and good judgment in dealing with many of the duties delegated to him, all of which, it is agreed, are duties and responsibilities which belong to the commission but which it, of necessity, must delegate to others. Complaints come to the commissioners; an inspector is assigned to investigate and report to the commission; such investigation may be of a character to be deemed "strictly confidential". He must use his own judgment and discretion in many matters such as determining whether a person is operating as a carrier and whether there should be charges filed in certain cases. Then there is the matter of permit fees of $5.00 for each motor vehicle operated by a truck operator. Many of these are collected by the inspector. In plaintiff's case, these amounted to about $1,000 annually. These are paid by check or cash and transmitted daily to the commission. These are state funds for which the commission is responsible. In the event an inspector collects the ton mile tax, this must also be accounted for and reported to the commission. Manifestly, the commission must have inspectors in whom they have the utmost faith and confidence as to their honesty and integrity, good common sense and judgment.

In the Allen case, supra, in speaking of the duties intrusted to Allen, we said:

"To him was delegated the performance of work and duties which devolved upon the state treasurer to perform and which he necessarily had to delegate to his head bookkeeper. The treasurer was directly responsible for the competent, efficient, prompt, and honest performance of the duties delegated."

In the case of People ex rel. Sweet v. Lyman, 157 N. Y. 368, 386, 52 N. E. 132, 138, the rule is stated as follows:

" 'The statute * * * has reference to officials, and the confidential relations mentioned undoubtedly have reference to official acts, and include not only those that are secret, but those that involve trust and confidence which are personal to the appointing officer. If, therefore, the statute casts upon an officer a duty involving skill or integrity, and a liability either personal or on the part of the municipality which he represents, and he intrusts the discharge of this duty to another, their relations become confidential.' "

Applying these standards of measurement, we are constrained to hold that plaintiff comes within the exception named in our statute, section 1165, Code of 1935.

Accordingly, the decision of the trial court must be and is affirmed.—Affirmed.

STIGER, MILLER, SAGER, RICHARDS, BLISS, and HALE, JJ., concur.