KARL WARNER, Appellee, v. CHET B. AKERS, Auditor of State, Appellant.

No. 45612.

SEPTEMBER 29, 1942.

REHEARING DENIED MARCH 12, 1943.

John M. Rankin, Attorney General, and Floyd Philbrick, First Assistant Attorney General, for appellant.

J. R. McManus and M. H. Johnson, both of Des Moines, for appellee.

BLISS, J.—In his petition for the writ of certiorari, filed December 30, 1939, the plaintiff alleged that he was an honorably discharged sailor in the war with Germany, and was, therefore, within the provisions of chapter 60, Code, 1935; that he was employed as junior examiner, by the then auditor of state in September 1937, and was continued in said position until January 4, 1939, when he was unlawfully discharged by the defendant, without hearing upon notice and stated charges, in violation of section 1163 of the Code; that his earnings were $6 for each day he worked and he had received no compensation, and had not been reinstated, though he had informed defendant of his rights under chapter 60. He prayed that he be restored to his position with salary from the date of his discharge. In his return to the writ, the defendant stated that plaintiff had been employed as junior examiner prior to January 1, 1938, under a term expiring December 31, 1938, and on January 4, 1939, was informed that his services would not be thereafter required.

Defendant's amended and substituted answer admitted the employment of the plaintiff as above stated, but denied that his discharge was unlawful, and alleged that he held a strictly confidential relation to defendant, under section 1165 of the Code, and denied that he was entitled to any preference under chapter 60. This answer alleged that plaintiff made no claim under said chapter and acquiesced in his discharge; that at the time of the discharge of plaintiff and of other junior examiners, others were employed to fill their places and thereafter performed their services and were paid therefor, and by reason thereof plaintiff was not entitled to recover compensation as claimed; that his action to recover compensation is against an executive officer of the state and the sovereign State of Iowa, to which action the

state had never given its consent; that defendant denied all allegations not specifically admitted; that the plaintiff was appointed by the defendant under the powers granted to him by chapter 10 of the Code of Iowa, and that on or about the expiration of plaintiff's term on December 31, 1938, the plaintiff and four other junior examiners were not reappointed, and there were appointed in the place of the plaintiff and the places of the others, for the term expiring December 31, 1939, five appointees as junior examiners, three of whom, E. Ray Riley, C. L. Rodine, and C. J. Althouse, were honorably discharged soldiers of the army of this country in the war with Germany, and the position formerly occupied by the plaintiff was filled by one of these veterans; that the plaintiff is proceeding by certiorari and there is no power thereunder, except to affirm or annul the action of the officer being reviewed under said writ, and any judgment rendered under said writ can give no relief by way of damages or money judgment, except as it may, in quashing, annulling, or affirming the action of the inferior tribunal or officer whose action has been reviewed by the writ, sustain any judgment entered by said inferior tribunal; that the action sought to be reviewed by the plaintiff herein is the action of the defendant in discharging the plaintiff, in which action there was no judgment for compensation or damages to the plaintiff, and because thereof there is no jurisdiction of the subject matter of recovery of compensation. Defendant prayed that the plaintiff's petition be dismissed, the writ annulled, and recovery of compensation denied.

Plaintiff moved to dismiss substantially the entire substituted answer excepting the admissions therein. The motion was overruled except as to division 3 of the answer, alleging that at the time of plaintiff's discharge the defendant had no knowledge of plaintiff's rights under chapter 60, and was not informed thereof until the service of the writ, and that plaintiff had acquiesced in his discharge, and was entitled to no damages.

Plaintiff filed a reply, which, in addition to the denials, amplified the allegations of the petition. It alleged that plaintiff worked every day prior to his discharge, except Sundays and holidays; that he held no strictly confidential relation with or

under the defendant; that the defendant required the services of junior examiners after the discharge of plaintiff, and employed such examiners, who at all times since the discharge of plaintiff have done the work he would have done; that plaintiff's discharge was illegal, arbitrary, and in violation of the provisions of said chapter 60, and in denial of plaintiff's rights thereunder, and that, since he was never legally discharged, "plaintiff is entitled to the emoluments of said position since his said illegal discharge"; he denied that he was "seeking to recover damages in this cause and alleges * * * that he is entitled to the emoluments of his position, * * * since the date of his discharge"; he denies that his action is against the State of Iowa; and denies that when he was first appointed it was for any fixed or definite term, but alleges it was for an indefinite period; that he is entitled to be reinstated and to be paid the "emoluments of said position" which have accrued since his unlawful discharge.

The judgment of the court, entered June 29, 1940, sustained the writ. All controverted issues of law and fact were adjudged in favor of the plaintiff. The defendant was ordered to reinstate the plaintiff to his position, with "back pay from the date of his discharge on January 4, 1939, to the date of his reinstatement at the rate of $6.00 per diem for every working day, Sundays and holidays excluded, less the amount of $677.00 earned by plaintiff in other employment during the period subsequent to January 4, 1939, and prior to this date." Defendant was ordered to forthwith cause the sum of $2,029, representing the difference between the amount the plaintiff would have earned as junior examiner after his discharge to date and the amount he earned in other employment during that time, to be paid plaintiff, by certifying the said amount to the comptroller of the state for payment. Defendant was ordered to do all things necessary to cause said amount to be paid plaintiff, "together with the additional pay of plaintiff at the rate of $6.00 per diem, Sundays and Holidays excluded, which will have accrued as plaintiff's back pay after this date and until he shall have actually been reinstated and given employment as such junior examiner by defendant herein."

The trial court found that plaintiff was an honorably discharged service man as alleged; that he was discharged without

hearing upon notice and stated charges; that he notified the defendant of these facts and of his rights under said chapter 60 and demanded reinstatement shortly after his discharge; that he has at all times been ready, willing, and able to perform the duties of his position; that he received compensation of $6 for every working day; that his back pay from January 4, 1939, was $2,706; that he used due diligence to find other work, and earned $677 in other employment after his discharge, which should be deducted; that plaintiff did no work in the defendant's office in the statehouse, but his work consisted almost entirely of examining the books, records, and accounts of various public officers in school districts and other municipal subdivisions of the state, under the direction of a senior examiner who filed a report in the office of defendant; and that at about the time plaintiff was discharged another junior examiner was employed, who performed substantially the same or similar duties as those performed by plaintiff prior to his discharge and which he would or could have performed.

I. Appellant assigns error as follows:

"The position of junior examiner from which the plaintiff was discharged was a position of strictly confidential relationship and as such was not within the provisions of the Soldiers' Preference law appearing as Chapter 60, Code 1939, and the Court erred in holding that the position was not one of strictly confidential relationship and in holding that the plaintiff was within the provisions of said Chapter 60."

This assignment of error was also made in the cases of Klatt v. Akers, 232 Iowa 1312, 5 N. W. 2d 605, and Neargard v. Akers, 232 Iowa 1337, 5 N. W. 2d 613, and in each case we held the assignment to be good and the ruling complained of to be reversible error. In the Klatt case we reviewed the question fully, setting out the duties of the auditor of state with respect to the auditing of the departments of the state and the accounts of counties, cities, towns, and schools. We also discussed the duties, responsibilities, and qualifications of these examiners under the statutes and under the record as made in these three cases. While the appellee in this case was an assistant or junior examiner and

worked with a senior examiner, there is no difference in the character of his duties and the work which he did as it bears upon this issue of confidential relation. We therefore hold the assignment of error to be good and the ruling complained of to be reversible error.

We also call attention to the fact that the appellee was appointed under Code section 115 which provides:

"Assistants. The auditor of state shall appoint such additional assistants to the examiners as may be necessary, *who shall be subject to discharge at any time by the auditor. * * *"* (Italics are ours.)

The appellee accepted the position subject to this statutory provision. The appellant has not set up this point as a subdivision of this assignment of error, nor has he argued it. We are not holding that these things should have been done in order for us to pass upon the point, inasmuch as it is simply a reason supporting the assignment. But since the point was not argued, and it is not necessary to a decision of the case, we do not pass upon it. Neither is it necessary to pass upon other errors assigned.

For the reasons and grounds set forth herein, the judgment of the district court is reversed in all of its provisions.— Reversed.

WENNERSTRUM, C. J., and STIGER, SAGER, and HALE, JJ., concur.

GARFIELD, OLIVER, MITCHELL, and MILLER, JJ., dissent.

GARFIELD, J. (dissenting)—I respectfully dissent.

I think there is substantial evidence to support the trial court's conclusion that appellee was not holding a strictly confidential relation to the appointing officer and, since the case is not triable de novo here, that finding cannot be disturbed.

OLIVER, MITCHELL, and MILLER, JJ., join in this dissent.