E. W. ERVIN, Appellee, v. CHARLES F. TRIPLETT, Commissioner of Public Safety, Appellant.

No. 46654.

MAY 8, 1945.

F. T. Van Liew, B. J. Flick, Paul Hewitt, and Harvey Bogenrief, all of Des Moines, for appellant.

Ralph N. Lynch, of Des Moines, for appellee.

WENNERSTRUM, J.—Plaintiff brought an action at law on a petition for a writ of certiorari, thereby seeking to determine the right of the plaintiff, a police-department patrolman holding civil-service status in the city of Des Moines, to retain a rank or rating on the police force as a detective by virtue of the Soldiers' Preference Act. The plaintiff, as will be herein shown, previously held the position of patrolman but was thereafter assigned and transferred to that of detective. After holding the position of detective for a period of time he was again reassigned or transferred to that of patrolman, which provided a lesser compensation. The trial court, upon submission of

this cause, entered a judgment ordering the defendant to restore the plaintiff to his former detective duties. The defendant has appealed.

The appellee is an honorably discharged soldier of World War I. The record discloses that he has been on the police force in the city of Des Moines for twenty-one years; that he held a civil-service rank in this department as patrolman, which carried with it the compensation of $180 per month. It is shown that in April 1926 he was assigned to the position of detective and that after a period of six months he asked to be put back as patrolman. It is also shown by the record that on February 1, 1941, he was again assigned as a detective; that thereafter he was reassigned as a patrolman on July 16, 1941, then assigned as detective to the liquor and vice bureau April 16, 1942, then transferred to the position of detective April 4, 1944. It is further shown that the appellee was thereafter transferred to the position of patrolman June 12, 1944. It is shown that the compensation of a detective was $190.75 per month, which is $10.75 more compensation than that which the position of patrolman provided.

It is conceded that the appellee has a civil-service rating as patrolman in the city of Des Moines, Iowa. It is also admitted that the appellee, through his attorney, notified the appellant by mail that he claimed his assignment or transfer from his prior duties as a detective to the duties of patrolman was illegal under the Iowa Soldiers' Preference Law. It is appellee's claim that the transfer to that of patrolman was illegal in that there were no charges filed against him asserting that he was guilty of any incompetency or misconduct. It is shown that no hearing was held bearing upon either his incompetency or misconduct and no notice was given him whatsoever of the contemplated transfer, which action he claims was required under the provisions of the Soldiers' Preference Law. It is further contended on behalf of the appellee that the appellant in removing him from the office of detective acted illegally and in excess of his jurisdiction and authority under the provisions of section 1163 of the 1939 Code of Iowa, and the other provisions of chapter 60 thereof.

It is the appellant's contention that the appellee was not demoted or removed from office but was merely transferred from one division, or rank of patrolman, to the other, and it is denied that appellant acted illegally or in excess of his jurisdiction or authority. The appellant further contends that he merely transferred the appellee from the position of a detective, which involved a confidential relationship, to the position of a uniformed patrolman, which had been the custom and practice followed in the city of Des Moines for many years past, and that the appellee had been many times so transferred. It is further contended that this transfer involved no demotion or discharge from any office which the appellee claimed to occupy.

The question which is presented to us for review involves the legal authority of the superintendent of public safety in a commission-governed city in the state of Iowa to assign a civil-service patrolman to detective duties and to thereafter transfer him to a position that paid less compensation, without notice or hearing of stated charges, and, in the instant case, the removal or reassignment, within the police department, to a position that paid less compensation, of one who is an honorably discharged soldier of World War I.

The principal difference of opinion between the appellee and appellant is that the appellee contends that the provisions of the general Soldiers' Preference Law (chapter 60) are applicable under the facts in this particular case, while the appellant maintains that under the record and the facts as disclosed the general Soldiers' Preference Law is not involved.

I. It is the contention of the appellant that it was error on the part of the trial court to hold that the appellee, Ervin, was illegally demoted from the office of detective to that of patrolman. It should be kept in mind that the appellee received his original appointment of employment by reason of qualifying as a civil-service employee. Section 5697, which is found in chapter 289 of the 1939 Code, and which chapter relates to civil-service employment in certain cities, states:

"Preferences. In all examinations and appointments under the provisions of this chapter, honorably discharged soldiers, sailors, or marines of the regular or volunteer army or navy

of the United States shall be given the preference, if otherwise qualified."

It is contended by the appellant that the position of detective is not such a position in the Des Moines police force as is contemplated by the provisions of the Civil Service Act in that there is no examination necessary under the procedure employed in the city of Des Moines for that particular type of service. It is further contended that the position of detective is merely a division within the duties of a patrolman in the Des Moines police department.

It is the appellee's claim that the statutes incorporated in the general Soldiers' Preference Act, chapter 60, of the 1939 Code, are the ones that are applicable and must be followed. The particular sections that the appellee contends should be given consideration are as follows:

"1159 Appointments and promotions. In every public department and upon all public works in the state, and of the counties, cities, towns, and school boards thereof, including those of cities acting under special charters, honorably discharged soldiers, sailors, marines, and nurses from the army and navy of the United States in the late civil war, Spanish-American war, Philippine insurrection, China relief expedition, or war with Germany, who are citizens and residents of this state, shall, except in the position of school teachers, be entitled to preference in appointment, employment, and promotion over other applicants of no greater qualifications.

"1163 Removal—certiorari to review. No person holding a public position by appointment or employment, and belonging to any of the classes of persons to whom a preference is herein granted, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, and with the right of such employee or appointee to a review by a writ of certiorari."

We have heretofore given consideration to questions arising by reason of the enactment of general and special statutes by the legislature. It must be conceded that chapter 60, which deals alone with the matter of soldiers' preference, is a general statute.

and that section 5697, found in chapter 289, the civil-service chapter, is of a special nature.

We have held in regard to general and special statutes that:

"* * * where the general statute, if standing alone, would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute, whether it was passed before or after such general enactment." Workman v. District Court, 222 Iowa 364, 368, 269 N. W. 27, 29. See, also, State ex rel. Weede v. Iowa Southern Utilities Co., 231 Iowa 784, 830, 2 N. W. 2d 372, 4 N. W. 2d 869, and cases specifically cited on this proposition.

We do not find as between the special statute, section 5697 (the civil-service statute) and the general statute, found in chapter 60 (the general Soldiers' Preference Act), that there is any inconsistency between the two which would require our holding that the special statute would control over the general statute.

In fact, there is nothing in the civil-service statute, and particularly that which relates to soldiers' preference, which is inconsistent with the provisions found in section 1163. This section sets out the necessity of specific charges being filed, and that notice of them and hearing thereon be had in case of a contemplated removal of a person within the classes enumerated in section 1159 and who has been "holding a public position by appointment or employment." We feel that the general provisions of section 1163 should be given effect and that, under the record as herein presented, Ervin was removed from his position as detective without the provisions of section 1163 being followed.

In the case of Herman v. Sturgeon, 228 Iowa 829, 838, 293 N. W. 488, 492, we said:

"Appellant also contends that a soldiers preference does not apply to promotions under civil service. There is no merit in this. Section 1159 expressly refers to promotions. Section 5696.1 refers to 'promotional examinations', and section 5697, in providing for preferences, expressly includes 'all examinations.' "

While it is true that the Herman case involved a promotion rather than a demotion, such as is involved here, we see no reason why the same principle is not applicable here.

II. Although appellant contends that the provisions of chapter 60 are not applicable, he maintains that, if the court should determine that they are, the position of a detective on the police force in the city of Des Moines is one which entails a confidential relationship to the appointing officer and that by reason of this fact the provisions of section 1165 of the 1939 Code are applicable. This last-referred-to section states that the preference given to a soldier shall not apply "to any person holding a strictly confidential relation to the appointing officer." The work of a detective may be of a confidential nature and his reports may be confidential to his immediate superior. However, the record does not in any way disclose that a person holding the position of detective, such as was held by the appellee in this case, is one of "strictly confidential relation to the appointing officer," who in the instant case is the commissioner of public safety.

We do not find in the record where the appellee did any work that was confidential to the commissioner and we are unable to reach the conclusion that the position of detective in the police department in the city of Des Moines is of such a confidential nature to the appointing officer as to come within the provisions of section 1165 of the 1939 Code. This case is not similar to Bowman v. Overturff, 229 Iowa 329, 294 N. W. 568, where it was held that the position of a jailer or turnkey was of a confidential nature to the sheriff, the appointing officer. Neither do we believe that the other cases cited by the appellant, namely, Warner v. Akers, 232 Iowa 1348, 5 N. W. 2d 603; Klatt v. Akers, 232 Iowa 1312, 5 N. W. 2d 605, 146 A. L. R. 808; Neargard v. Akers, 232 Iowa 1337, 5 N. W. 2d 613; Hannam v. Iowa State Commerce Comm., 228 Iowa 586, 292 N. W. 820; Allen v. Wegman, 218 Iowa 801, 254 N. W. 74, are applicable in their facts to the situation disclosed in the instant case.

III. It is contended that under section 6571 of the 1939 Code, which is in the chapter relating to government of cities

by commission, the council is given full authority to prescribe the powers and duties of the officers and employees. It is contended that this statute gives full and complete power to the superintendent and to the council to operate the police department in an efficient and economical manner so long as the superintendent of public safety does not violate the Civil Service Law. It is further contended that the adoption of the appellee's theory of this case would disrupt the police department of the city of Des Moines and would render it impractical, if not impossible, to conduct the business of the police department without having to settle the claims of any soldier that might come within the jurisdiction of that department.

To these several contentions as made by the appellant we can only say that the statute has given preference to men in previous military service. Provision has been made for the removal of individuals holding soldiers' preference whose separation from their position is sought. If the appellee's services were not of a nature to merit his continuation in his prior position, charges could easily have been placed against him. We find no merit in this last contention of appellant.

Upon a review of the entire record we have reached the conclusion that the trial court was correct in its ruling and judgment and that it should be affirmed.—Affirmed.

All JUSTICES concur.