STANGER R. GEYER et al., Appellants, v. CHARLES F. TRIPLETT, Superintendent of Public Safety of City of Des Moines, Appellee.

No. 46846.

APRIL 2, 1946.

REHEARING DENIED JUNE 21, 1946.

Ralph N. Lynch, of Des Moines, for appellants.

F. T. Van Liew, Paul Hewitt, and Harvey Bogenrief, all of Des Moines, for appellee.

MANTZ, J.—The present controversy grows out of an appointment made on June 11, 1945, by Charles F. Triplett, Superintendent of Public Safety of Des Moines, Iowa, wherein he promoted John W. Rider, sometimes known as John Rider, from the position of patrolman to that of sergeant in said department.

This appointment was and is challenged by Stanger R. Geyer, Louis J. Volz, and E. W. Ervin, all members of the police force of such city and all having the rank of patrolmen. These objectors are the plaintiffs herein. Rider, the appointee, and the three objectors had been members of such police force for a number of years; all were eligible to promotion under and by virtue of the civil-service statute, chapter 289, Code, 1939. Rider is an honorably discharged sailor of the regular United States Navy, having served therein from July 7, 1921,

to July 6, 1925. He had no other military service. All of the plaintiffs are honorably discharged soldiers of the War with Germany and all became eligible to promotion on July 15, 1943.

Rider was promoted on June 11, 1945, and on June 20th following, plaintiffs made written demand that Triplett, as superintendent of public safety of such city, demote Rider from the position of sergeant and appoint one of the three plaintiffs to such position, basing their demands upon their superior rights to Rider under the Soldiers' Preference Act as set forth in chapter 60, Code of Iowa, 1939. Such demand was refused and the plaintiffs brought an action in mandamus to enforce their demand. Upon hearing in the district court their petition was dismissed and this appeal followed.

It will be observed that this is a contest between what might be termed a peacetime veteran on the one hand and three war veterans on the other as to preference rights in promotion from the position of patrolman to that of sergeant in the police department of the city of Des Moines, Iowa. All had been members of the police force for a number of years; all were on the civil-service list, and therefore all were eligible to promotion. In the civil-service examination the three war veterans outranked the peacetime veteran.

The ultimate question is the respective rights of promotion as between Rider and appellants. No civilian rights are involved. The facts are not in dispute. Those essential have heretofore been set forth. They are shown by the unchallenged pleadings and the stipulation entered into by the parties when the case was tried.

The court in its conclusions of law made at the time the decree of dismissal was filed held, among other things:

(1) Plaintiffs' positions on the eligible list under civil service do not grant a preference.

(2) The plaintiffs, as wartime veterans on the eligible list for civil-service promotion have no prior and superior rights and preference over John W. Rider, an honorably discharged sailor of the regular United States Navy in peacetime.

(3) The appointment of John W. Rider was made under the Civil Service Law and the provisions as to preference con-

tained in the Civil Service Law itself control, and as to such appointments the provisions of chapter 60 do not apply.

Appellants challenge the correctness of such conclusions. They contend that their rights to promotion over John W. Rider are superior by reason of the provisions of chapter 60 of the Code of 1939, and particularly section 1159 thereof.

On the other hand, appellee contends that the statute involved under the record herein is section 5697 of the chapter on civil service.

Evidently the trial court was of the opinion that the preference which controlled was the one referred to in the Civil Service Act, and particularly section 5697 thereof, and that the preference granted in chapter 60 of the 1939 Code of Iowa had no application to the record in this case. The language of these two sections is as follows:

"Section 1159 Appointments and promotions. In every public department and upon all public works in the state, and of the counties, cities, towns, and school boards thereof, including those of cities acting under special charters, honorably discharged soldiers, sailors, marines, and nurses from the army and navy of the United States in the late civil war, Spanish-American war, Philippine insurrection, China relief expedition, or war with Germany, who are citizens of this state, shall, except in the position of school teachers, be entitled to preference in appointment, employment, and promotion over other applicants of no greater qualifications."

"Section 5697 Preferences. In all examinations and appointments under the provisions of this chapter, honorably discharged soldiers, sailors, or marines of the regular or volunteer army or navy of the United States shall be given the preference, if otherwise qualified."

It will be noted that there is a difference in these two sections. The difference deals with both classification and application. Obviously, the coverage of section 5697 would exceed that of section 1159. The first (section 5697) covers all honorably discharged veterans of the Army or Navy and this would include wartime veterans. The other (1159) limits its

coverage to wartime veterans: soldiers, sailors, marines, and nurses.

Section 5697 gives preference to those named therein "if otherwise qualified." Section 1159 gives preference to those named therein over other applicants of "no greater qualifications."

Appellants and Rider have civil-service standing, and under the record it appears that in the examination for eligibility to promotion, the grades given appellants were higher and above those given Rider. The record shows that appellants have equal qualifications to those possessed by Rider.

Appellee urges that there is a conflict between the civil-service section (5697) and the soldiers'-preference section (1159); that the former, being the special statute, should prevail, and therefore John W. Rider, being otherwise qualified, should be preferred. The question of a conflict between the two statutes was recently passed upon by this court in the case of Ervin v. Triplett, 236 Iowa 272, 18 N. W. 2d 599. Therein this court, speaking through Justice Wennerstrum, stated that there was no inconsistency between chapter 60 (Soldiers' Preference Act) and section 5697. As indicated above, all veterans, whether peace or wartime, come within the purview of section 5697. Wartime veterans only are preferred by chapter 60, and particularly by section 1159. Appellee urges that the Soldiers' Preference Law does not apply to promotions under civil service. In the case of Ervin v. Triplett, supra, we held otherwise. See, also, Herman v. Sturgeon, 228 Iowa 829, 838, 293 N. W. 488, 492. We quote from the last-cited case:

"Appellant also contends that a soldiers preference does not apply to promotions under civil service. There is no merit in this."

We think the above holdings are correct. We see no conflict between the Civil Service Law and the Soldiers' Preference Law. We think the two acts are to be construed together with the purpose of giving each proper application and construction.

The Civil Service Law, including section 5697, Code of

1939, neither modifies nor repeals any of the provisions of the Soldiers' Preference Act. Jones v. City of Des Moines, 225 Iowa 1342, 283 N. W. 924.

The Soldiers' Preference Law, chapter 60, Code of 1939, became a law on March 24, 1904. It has since been amended by chapter 227 of the Acts of the Fortieth General Assembly to include veterans of the War with Germany. Said amendment further provides that any aggrieved veteran could proceed by mandamus or by certiorari, depending upon the nature of the complaint or the remedy sought.

The Civil Service Act, chapter 289, Code of 1939, became a law April 2, 1907. As the later enactment, said chapter did not purport to repeal, change, or modify chapter 60 in express terms, or by necessary implication.

We think that the spirit and purpose of the Soldiers' Preference Act was to reward those who served their country in time of need, such as the Civil War or the War with Germany. In construing this act this court has so held in a number of decisions. In Tusant v. City of Des Moines, 231 Iowa 116, 300 N. W. 690, this court held that the soldiers'-preference statute should be given a liberal construction. See, also, Herman v. Sturgeon, supra.

In the case of Babcock v. City of Des Moines, 180 Iowa 1120, 1123, 162 N. W. 763, this court held that the Soldiers' Preference Law was highly remedial and was intended to give special and deserved privileges to one class of our citizens in consideration of services to this country in time of need. It was there further held that such act should be so construed, when within reason possible, so that its evident purpose be accomplished. As approving this, see Dickey v. King, 220 Iowa 1322, 263 N. W. 823. In the late case of Lamb v. Kroeger, 233 Iowa 730, 8 N. W. 2d 405, this court, in discussing the matter of tax exemptions granted to veterans of the War with Germany, stated that such were given as a reward for patriotic service. It appears to us that if a tax exemption be given for patriotic service in time of war it could hardly be argued that a grant of special privilege in the appointment to hold office would fall into a lesser category.

As throwing some light on the purpose and intent of the

Soldiers' Preference Act, we direct attention to the language of Hale, J., speaking for the court, in Jones v. City of Des Moines, supra, 225 Iowa 1342, 1346, 283 N. W. 924, 925: "* * * but that the soldiers preference law remained as it originally was intended for the protection of veterans of the various wars." See, also, 10 Am. Jur. 927, 928, section 9.

It hardly seems to us that our lawmaking body had in mind giving a preference to a peacetime veteran over those who went forth to do service in actual wartime. As we view it, such would be the effect of affirming the trial court. When we consider the spirit and purpose of the Soldiers' Preference Act—to reward those who, from the highest patriotic motives, went forth at a time of national crisis to do battle to preserve and protect our nation and its people—it can hardly be conceived that our lawmakers would intend that peacetime veterans having no greater qualifications than those of wartime should be in a position to nullify or thwart such purposes.

Taking into consideration such spirit and purpose; also, that in the examination under the civil service appellants outranked Rider; also, the uncontradicted evidence that appellants had equal qualifications to said Rider; further, that under our holdings as above set forth there is no conflict between the provisions of the Civil Service Act and chapter 60 (Soldiers' Preference Act), we hold that the trial court erred in denying appellants the relief sought and in dismissing their petition.

Appellee relies for his defense upon the various sections of the statute and particularly upon the holding of this court in the case of Zanfes v. Olson, 232 Iowa 1169, 7 N. W. 2d 901, and the case of People ex rel. Conlin v. Village of Dobbs Ferry, 63 App. Div. 276, 71 N. Y. Supp. 578. The decision in the New York case was that of an intermediate court and not that of final resort in that state. It was based upon a New York statute which was in no way similar to that of Iowa as set forth in the Soldiers' Preference Act. The preference of the New York statute was given to "honorably discharged soldiers and to veteran firemen." To fill a vacancy in office there was claim made for it by two persons: one a veteran soldier and the other a veteran fireman. The selection of the

latter by the proper appointing body was approved, and rightly so: the statute permitted it. The point necessary to the decision was as to the right or power to appoint. We are unable to see wherein the cited case supports appellee's contention.

Neither do we think that our holding in Zanfes v. Olson, supra, is authority for the claim which appellee makes herein. The record in that case and the issue involved distinguish it from the instant case.

In that case the contest was for the promotion from the position of patrolman to that of detective from the eligible civil-service list and was between Zanfes, a veteran, and Ballard, a civilian. Both were on the certified civil-service list and eligible to promotion by reason of an examination wherein Ballard stood fifth and Zanfes ninth. Ballard was appointed. Zanfes brought mandamus to compel his appointment, claiming preference rights as a veteran over a civilian. He claimed that as he was on the eligible list he was "otherwise qualified" under section 5697 of the civil-service statute. This court affirmed the trial court in so holding. Specifically this court held that where a veteran and a civilian were both on the eligible list the veteran was to be preferred; that being on the list established the fact that he was otherwise qualified and entitled to be preferred over a civilian on the list, regardless of their relative standings.

Zanfes did not proceed under the Soldiers' Preference Act because Ballard had a higher grade on the certified list, and therefore Zanfes did not have at least equal qualifications to those of Ballard.

Appellee relies upon the language of this court in that case as found at page 1173 of 232 Iowa, page 903 of 7 N. W. 2d, wherein we said:

"It is our opinion that in all appointments coming under civil service only the provisions as to preference contained in the Civil Service Law itself control, and that as to such appointments the provisions of chapter 60 do not apply."

This language, taken literally, is not to be approved. It is clearly dictum as stated. Zanfes made no claim under the

672

provisions of chapter 60 and was not entitled to its benefits because the appointee, Ballard, possessed "greater qualifications" than Zanfes.

In the instant case appellants brought suit under chapter 60, the Soldiers' Preference Act. While Rider, the appointee, would outrank a civilian, under section 5697 (Civil Service Act) as a peacetime veteran, he certainly would not outrank a wartime veteran under section 1159 if the latter could qualify thereunder.

We hold that as between what is termed a peacetime veteran and a veteran of the various wars set out in section 1159, the latter is to be given preference in the event his qualifications are equal to those of the peacetime veteran.

The court erred in dismissing appellants' petition and the case is remanded to the trial court to enter decree in harmony with this opinion.—Reversed and remanded.

BLISS, C. J., and OLIVER, HALE, MILLER, GARFIELD, SMITH, and MULRONEY, JJ., concur.

WENNERSTRUM, J., not sitting.