FRANK D. BIANCO, appellant, v. RAY MILLS et al. (as members of the City Council of Des Moines) and WADE CLARKE et al., appellees.

No. 49111.

(Reported in 80 N.W.2d 753)

FEBRUARY 5, 1957.

Harold H. Newcomb, of Des Moines, for appellant.

Milton W. Strickler, Anthony T. Renda, I. Joel Pasternak, and Leo Ballard, all of Des Moines, for appellees.

OLIVER, J.—Under the Soldiers Preference Law, chapter 70, Code of Iowa, 1954, plaintiff claimed of the 1956 incoming city council of Des Moines preference to appointment to the position of city solicitor or assistant city attorney, which he had been holding under appointment by the preceding council. The incoming council appointed another to the position. Plaintiff appealed to the district court. Trial resulted in judgment dismissing the appeal. From such judgment plaintiff prosecutes this appeal.

Section 70.8, Code of Iowa, 1954, provides: "Exceptions. Nothing in this chapter [Soldiers Preference Law] shall be con-

strued to apply * * * to any person holding a strictly confidential relation to the appointing officer." This exception was one ground for the judgment against appellant.

Des Moines has the Council-Manager form of Municipal Government by Election, under chapter 363C, Code of Iowa, 1954. Section 363C.1 provides in part that at the first meeting after election or as soon thereafter as practicable the council shall "appoint an attorney and such number of assistant attorneys as are deemed necessary." Code section 368A.1(7) empowers the council, "to appoint an attorney * * * and such other officers, assistants and employees as are * * * necessary * * * and fix the terms of employment * * *." Section 368A.1(9) requires the council to fix the terms of service, not to exceed two years, of officers whose terms are not prescribed by law, and 368A.1(10) to prescribe by ordinance the powers to be exercised and duties performed by officers insofar as such powers and duties are not defined by law.

Section 368A.1(11) empowers the council to direct the city attorney, or to employ an attorney, to defend any municipal officer or employee in any cause of action arising out of or in the course of the performance of the duties of his office or employment. Section 368A.20 provides: "The city attorney * * * and such additional officers as may be provided for, shall have such powers and perform such duties as are prescribed by law or ordinance."

Various titles are given attorneys in municipal legal departments by statutes and municipal ordinances. For example, the ordinances of Des Moines refer to the head of its legal department as corporation counsel, the second in such department as city solicitor, and to the others as city prosecutor and assistant city solicitors. The ordinances use also the titles city attorney for the head of the department and assistant city attorney for the second place. These and other differences are not often troublesome because the status of each position is usually described by the context.

In this connection it may be noted that in chapter 365 of the Code, which establishes civil service in cities, section 365.10 provides for soldier's preference to appointment, but section 365.6 excepts from the provisions of the chapter, among others,

the positions of city solicitor and assistant solicitor. But, as we view the matter, this case does not turn upon the title or rank in the city legal department of the position in question.

The city council is given control of the organization of the legal department and general supervision over its operations. However, each member of the legal department is an attorney at law admitted to practice that profession in the courts of the state, and the basic duties of each, though varying, are the professional duties of attorney. Hence, the supervision exercised by the council over the legal department, necessarily is subject to the professional duties and obligations of attorney to client, the public and the courts. It is comparable to that which the authorized representative of a private client may exercise over the work and conduct of an attorney retained for the client by such representative.

The term "strictly confidential relation" in Code section 70.8 has been held to be very broad and not confined to any specific association of the parties, but to apply generally to all persons who are associated by any relation of trust and confidence.

Brown v. State Printing Board, 230 Iowa 22, 24, 296 N.W. 719, 720, states: "Where duties are not merely clerical and require skill, judgment, trust and confidence, the courts are inclined to regard the appointee to whom such duties are delegated as holding a strictly confidential relation to the appointing officer or board."

This rule is well established. Allen v. Wegman, 218 Iowa 801, 254 N.W. 74; Hannam v. Iowa State Commerce Commission, 228 Iowa 586, 292 N.W. 820; Klatt v. Akers, 232 Iowa 1312, 5 N.W.2d 605, 146 A.L.R. 808.

That the relationship between an attorney and those he represents is strictly confidential is not open to question. It is clear also that professional services performed by members of a city legal department require skill, judgment, trust and confidence within the definition of the decisions above cited.

Appellant argues the statutory exception, "person holding a strictly confidential relation to the appointing officer" is not here applicable because, he asserts, the duties of the legal

department are not delegated to it by the council but are fixed by statute. In Brown v. State Printing Board, supra, 230 Iowa 22, 296 N.W. 719, the superintendent of printing was adjudged to hold a strictly confidential relation to the printing board, against the argument that the duties of both the board and the superintendent were prescribed by statute and that the delegation of power to the superintendent was from the legislature and not from the board, the decision pointing out that the statute imposed upon the superintendent such other duties as the board ordered.

So in the case at bar, various statutory provisions, already referred to herein, authorize the council to impose upon members of the legal department of a municipality, duties in addition to those fixed by statute. Hence, there is no ground for the argument of appellant upon this point.

The interpretation placed upon the Soldiers Preference Law by decisions of this court requires the conclusion that the position of attorney in a municipal legal department is strictly confidential to the council and hence is within that exception to the Soldiers Preference Law. Hence, appellant was not entitled to such preference. This conclusion makes unnecessary the consideration of other grounds upon which the judgment was based.—Affirmed.

All JUSTICES concur.