VETERAN EMPLOYMENT PREFERENCE Title 72 O.S. 67.13 [72-67.13](B) (1971), does not allow veteran's preference for state employment to veterans discharged as undesirable, for bad conduct, dishonorably or other than honorable. The Attorney General has considered your opinion request wherein you ask, in effect the following question: Title 72 O.S. 67.13a [72-67.13a] (1971) requires a "War Veteran" to be honorably discharged to receive veteran's preference for state employment. Does Section 67.13b allow veteran's preference for state employment to certain veterans discharged from active duty as undesirable, for bad conduct, dishonorably or other than honorable? Title 72 O.S. 67.13 [72-67.13](a) and 72 O.S. 67.13 [72-67.13](b) (1971) provide: "67.13a War Veterans defined. — The words `War Veterans' used in the foregoing section shall be construed to mean such honorably discharged persons as: "(a) served in the Armed Forces of the United States at any time during the period from April 6, 1917, to November 11, 1918, both dates inclusive, or "(b) served in the Armed Forces of the United States at any time during the period of December 7, 1941, and December 31, 1946, both dates inclusive, or "(c) served in the Armed Forces of the United States at any time during the period of June 27, 1950, and January 31, 1955, both dates inclusive, or "(d) served for a period of ninety (90) days or more (unless discharged from active duty for a service-connected disability) in the Armed Forces of the United States which ended or began on or after August 5, 1964, during the period of time in which the United States participated in a war, campaign or battle, but excluding any person who shall have served on active duty for training only, unless discharged from active duty for a service-connected disability, or "(e) served in the Armed Forces of the United States in a combat zone or in the immediate supporting area of the combat zone as certified by the War Veterans Commission of Oklahoma, subsequent to August 5, 1964. "The term 'War Veterans' shall include only those persons who shall have served during the time or in the areas prescribed hereinabove. Any honorably discharged war veteran of any of the Armed Forces of the United States shall be entitled to such tax exemptions to include but not be limited to tax-exempt veteran's benefits as provided in subsection (1), Section 68 O.S. 2405 [68-2405] of Title 68 of the Oklahoma Statutes, special permits and veteran's preferences for state employment, provided, that any person who shall have served on active duty for training purposes only shall not be entitled to any such tax exemptions, special permits or veterans' preferences." (Emphasis added) "67.13b Benefits for persons serving after January 31, 1955. — Any person who served on active duty in the Armed Forces of the United States and was discharged or separated from active duty under conditions other than dishonorable and further had served such active duty for more than ninety (90) days, other than for training purposes, any part of which occurred after January 31, 1955, or was released from active duty after January 31, 1955, for a service-connected disability, shall be entitled to tax exemptions, fees, special permits and veterans' preferences for state employment on the same basis as 'War Veterans'." (Emphasis added) It is clear that Section 67.13a, passed originally in 1951, granted veteran's preference on state employment only to veterans with an honorable discharge. This is consistent with federal law which grants civil service employment preference to veterans "separated from armed services under honorable conditions". 5 U.S.C.A. 2108(1) and 5 U.S.C.A. 2108(2). In 1971 the Legislature passed Section 67.13b, which confers certain benefits, including veteran's preference for state employment, to persons discharged from active duty under conditions "other than dishonorable". Such language is the double-negative way to phrase "conditions that are honorable", meaning an honorable discharge. The weak grammar of the statute cannot destroy the obvious purpose the Legislature wanted to fulfill. "An inept or incorrect choice of words will not be construed or applied in such manner as to destroy the real and obvious purpose of the legislative enactment. Bd. of Ed. of City of Okmulgee v. State Bd. of Ed., 201 Okl. 32, 200 P.2d 394, 397." Wooten v. Hall, Okl., 442 P.2d 334, 336 (1968). No language in Section 67.13b allows veteran's benefits to persons discharged as undesirable, for bad conduct, dishonorably, or other than honorable. Indeed, granting veteran's preference to such persons is directly contrary to the judicially recognized purpose of veteran's benefits, i.e., as a reward for loyal service rendered. An early case stating the purpose of veteran's preference legislation was Geyer v. Triplett, 22 N.W.2d 329, 332 (Iowa 1946): "We think the spirit and purpose . . . was to reward those who served their country in time of need, such as the Civil War or the war with Germany." A more recent case stated two major purposes for granting veteran's preference in Feinerman v. Jones, 356 F. Supp. 252, 259 (Pa. 1973): "(1) As a recognition that the experience, discipline, and loyalty which veterans gain in military service is conducive to the better performance of public duties; "(2) As a reward for those veterans who . . . served their country in time of war. . . ." Any deviation from these generally recognized purposes of veteran's preference law by the Oklahoma Legislature must be specific and plain. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. Title 72 O.S. 67.13 [72-67.13](b) (1971), does not allow veteran's preference for state employment to veterans discharged as undesirable, for bad conduct, dishonorably or other than honorable. (Daniel J. Gamino)